FRANK v. FRANK ET AL.

1. **Will:** CONSTRUCTION: GENERAL OR SPECIFIC LEGACIES. A testator bequeathed to each of four persons $600, and then stated in his will: "This amount is in notes such as the executrix of my will may turn out to them. The rest of my property I devise and bequeath to my wife." *Held* that the $600 bequests were not specific legacies of certain notes which the executrix might turn out in their payment, whether good or bad, but that the testator intended that each legatee should have $600, which the executrix could pay in notes of that value, or which would yield that sum, and that, if there should not be sufficient good notes in the hands of the executrix, the sum should be made up of other property of the estate.

*Appeal from Jackson Circuit Court.*

SATURDAY, JUNE 11.

ACTION involving the construction of a will. The judgment of the circuit court being adverse to defendants, they appeal.

*W. C. Gregory* and *Graham & Cady*, for appellants.

*Keck & Keck* and *L. A. Ellis*, for appellee.

BECK, J.—I. The will involved in this action is in the following language: "MONMOUTH, IA., February 4, 1874. I, Jacob H. Frank, of Monmouth, Jackson county, state of Iowa, make this my last will. I give, devise and bequeath my estate and property, real and personal, as follows: that is to say: To Hiram Frank, six hundred dollars, ($600;) George W. Frank, six hundred dollars, ($600;) Sarah Ann Kimball, six hundred dollars, ($600;) Mary Jane Van Duzen, six hundred dollars, ($600.) This amount is in notes, such as Mary P. Frank, the executrix of my will, may turn out to them. The rest of my property, real and personal, I devise and bequeath to Mary P. Frank, my wife. I appoint Mary P. Frank, Monmouth, Jackson county, Iowa, executrix of this, my will. In witness whereof," etc.

Frank v. Frank et al.

II. The question for decision in the case pertains to the legacies to the four persons first mentioned in the will. Plaintiff insists that they are specific legacies of certain notes owned by the testator when the will was executed, and that, as the notes, except one for $100, were collected by him before his death, the legacies were adeemed, except as to that note, or, if there was no ademption of the legacies, they were specific, being of notes which the executrix should select from those in her hands.

In our opinion, the will is not difficult of interpretation, as its language clearly reveals the intention of the testator. It will be readily seen that the will gives to each legatee six hundred dollars; not $600 in notes, nor notes of the value of $600, but $600. The will then designates the fund from which the legacies shall be paid, namely, notes in the hands of the executrix. It is provided that the executrix may "turn out" to the legatees, in payment of the legacies, these notes. The will clearly expresses the intention of the testator to give each legatee $600. A different intention is not expressed in the clause speaking of the notes, which, as we have said, designates the notes as the source from which may be obtained the money—the dollars—provided for in the bequest. The intention expressed in the two clauses of the will, we must presume, is the same. It is not probable that the testator intended in the first clause to give each legatee the sum of money named, and in the next clause intended to give notes, whether they should be good or bad.

In our opinion, the testator intended that each legatee should have $600, which the executrix could pay in notes of that value, or which would yield that sum. If the notes do not yield the amount of the legacies, or there should not be good notes of that value in the hands of the executrix, the sum is to be made up from other property of the estate.

The judgment of the circuit court is reversed, and the cause remanded for a judgment in harmony with this opinion.

REVERSED.