IN THE MATTER OF THE WILL OF PATIENCE V. NEWCOMB, Deceased, v. GEORGE W. FITCH, Appellant.

98   175
104  264
98   175
134  585

**Construction of Wills: LEGACIES.** Testator, after making certain legacies, to be paid from the proceeds of the realty, gave other legacies, to be paid from the avails of personalty, and subsequently gave the proceeds of the residuary estate, real and personal, to be divided among certain persons. *Held*, that in case the personal estate was insufficient for the payment of the legacies directed to be paid therefrom, such legacies, after payment of the legacies directed to be paid from the proceeds of the realty, should also be paid from the balance of such realty proceeds.

**SAME.** Clause 14 in a will, divided all the realty between *four* persons, and a later clause ordered that both personal and real property should be divided as clause 14 directed, a codicil referred to clause 14, and ordered that the real property should be divided between five persons, naming the fifth. *Held*, this fifth person takes a fifth share in the residue of the realty, and no share of the personal property.

**INTEREST ON NOTE OF LEGATEE.** *Where the rights of creditors are not involved*, a note payable to testator with interest which provides

that instead of the maker's paying the same in the testator's lifetime, the amount of the note may be deducted from the share of testator's estate to be left the maker, the interest on the note ceases to run on the death of testator.

*Appeal from Scott District Court.*—HON. C. M. WATERMAN, Judge.

## THURSDAY, MAY 14, 1896.

PATIENCE V. NEWCOMB died testate August 20, 1891. Her will consists of the original and three codicils. The second and third clauses of the will give to the First Presbyterian Church of Davenport, for specified purposes, three thousand dollars. The fourth clause, as modified by a codicil, gives to eight benevolent societies the sum of six thousand five hundred dollars. The fifth clause provides for the purchase of a scholarship in the Northwestern Theological Seminary of Chicago, at a cost of three thousand dollars. The sixth clause, as modified by a codicil, provides for the purchase of two scholarships in the Parsons College at Fairfield, at a cost of four thousand dollars. The bequests to the benevolent societies and the three scholarships are to be paid from the sales of real estate. The eighth clause bequeaths the sum of sixty-four thousand dollars to seven persons, to be paid from the avails of notes and mortgages one year after her decease. The tenth, eleventh, and twelfth clauses, as modified by a codicil, bequeath the sum of ten thousand, eight hundred and fifty dollars to different persons, to be paid out of the avails of notes and mortgages as soon after her decease as possible. The following is the fourteenth clause of the original will and the fifth clause of the original codicil:

"Fourteenth. It is my will that all my real estate be divided (or sold as thought best by my

executors), and avails divided into four equal parts; One part to my sister Delia M. Rorer, of Burlington, Iowa; one part to my niece Louise D. F. Farrand, of Rochester, N. Y.; one part to my two nieces Augusta V. McMillan, of San Francisco, Cal. and Josephine L. Crew, of Lawrence, Kansas, to share and share equal; one part, and the fourth part, to my niece Mary H. Eckel, of Lake Benton, Minn., and Ellen D. Palmer, of Marshalltown, Iowa, to share and share equal." "Fifth. In the fourteenth clause of my 'last will and testament it is stated that 'all of my real estate be divided or sold, as my executors thought best, and the avails of the same be divided in four (4) equal parts. It is now my will, that avails of my real estate be divided into five (5) equal parts, one (1) part—the fifth part—to George W. Fitch, to share and share equal." The following is the residuary clause of the will: "Nineteenth. It is my will that all the rest, residue, and remainder of my *estate, real, personal,* or mixed, of whatever nature or kind soever, whether legal or equitable, and wheresoever situated, I wish my executors to divide, or sell and divide (as they think best), in four equal parts, as described in the fourteenth clause of this, my last will. And I hereby authorize and empower my said executors, in their discretion, to sell and convey by good and sufficient deeds or instruments, all or any part of this, my residuary estate, as soon as may be after my decease, without sacrifice." The last clause of the will, after designating the executors, contains this provision: "And I hereby authorize and empower my executors, in their discretion, to make *all sales* of *personal property* or *real estate* necessary or proper to carry out the purposes and *instructions* of this, my 'last will and testament,' and to execute and deliver good and sufficient deed or deeds thereof, or other instruments of conveyance." On the third day of

November, 1893, the executors filed their second report, showing that all claims against the estate had been paid or adjusted; that the real estate, except a small part, had been sold, and the proceeds ready for distribution. It also appears from their report, that the assets in their hands, exclusive of the proceeds of the real estate, are not sufficient to pay in full the bequests not directed to be paid from the real estate. They further say, that they are informed and believe they should pay the bequests from the proceeds of the real estate other than those directed to be so paid in the will; but for greater certainty, they ask the court to construe the will in this particular. They further state, that George W. Fitch, a devisee in the will makes the claim, that under its provisions he is entitled to a fifth share in the residuary estate, and they ask the court to also construe the will in this particular. There are other questions, not important, to be here noticed. The district court, upon the two propositions, made the following order: "*First*. That it is the true construction of the said will and codicils, if there should not be a sufficient amount of the personal assets of the estate of the said Patience V. Newcomb, to pay in full the legacies under said will and codicils, which are not expressly directed to be paid from the avails of the sales of real estate, then the deficiency in said legacies shall be paid out of the real estate, or avails of the sales thereof, which may remain after the payment in full of those legacies which are expressly directed by the will or codicils to be paid from the real estate of the testatrix. *Second*. That it is the true construction of the said will and codicils that George W. Fitch is not entitled to any share of the residuary estate of the said Patience V. Newcomb, but that all the said residuary estate, real, personal,

or mixed, shall be divided into four equal parts, and distributed as follows:   One part to the heirs at law of Delia M. Rorer; one part to Louise D. F. Farrand; one part to Augusta V. McMillan and Josephine L. Crew, share and share alike; and one part to Mary H. Eckel and Ellen D. Palmer, share and share alike." From these orders George W. Fitch appealed.—*Affirmed and Modified.*

*E. M. Sharon* for appellant.

*M. C. Putnam* for appellee.

GRANGER, J.—I.   It will be well, at the outset, to state some recognized rules of construction as applied to wills.   The personal estate is the only one liable for the payment of legacies, unless they are expressly or by necessary implication, made a charge on real estate.   13 Am. & Eng. Enc. Law, 110;   *Wright v. Denn*, 10 Wheat. 204.   A direction that the real estate shall be sold, and the proceeds form or be considered a part of the residuary personal estate of the testator, subjects the real estate to all charges affecting the personal estate.   Watk. Wills, 292;   *Kidney v. Koussmaker*, 1 Ves. Jr. 436.   If legacies are given generally, and the residue of the real and personal estate is afterwards given in one mass, the legacies are a charge on the residuary real, as well as personal, estate.   Watk. Wills, 293; 13 Am. & Eng. Enc. Law. 117.  A direction by a testator in his will to pay pecuniary legacies out of his personal estate, and from the proceeds thereof, will not exonerate the real estate from the payment thereof if the personal estate proves insufficient.   *Wilcox v. Wilcox*, 13 Allen, 252.   We do not understand these rules to be doubted, and in the light of them it seems to us that the first proposition we are to consider is not very difficult; that is, whether

the proceeds of the land sold, not directed in the will to be specially applied, is liable for the payment of legacies directed to be paid from the avails of notes and mortgages when the designated fund is insufficient. The legacies in question are in no sense specific. They come within the definition of demonstrative legacies, which are defined as bequests of money or other fungible goods, charged upon a particular fund in such a way as not to amount to a gift of the corpus of the fund, or to evince an intent to relieve the general estate from liability in case the fund fails. 13 Am. & Eng. Enc. Law, 12. With the legacies to be paid thus defined, let us look to the language of the devises of real estate in all parts of the will to gather the intent of the testatrix; for that is the guiding star. It is said the will was written by the testatrix, and in its preparation there is a manifest lack of legal accuracy, and in some respects a want of harmony between different paragraphs.

It will be seen that the fourteenth clause is a disposition of all her real estate to the persons therein named. That she did not so mean is clear from other parts of the will, for in the next clause she specifically devises a part of one lot to another person. She also, in terms, provides that the scholarships are to be paid for out of the real estate first sold. It therefore conclusively appears that the fourteenth clause, as modified by the nineteenth, does not express her intention. This being true, we may the more readily conclude that in other respects the clauses, alone, come short of indicating her purpose. When she wrote the nineteenth clause, she evidently had prominently in mind the language of the fourteenth, for by the nineteenth she intends to add to that devise all that might remain of her estate as a residue; and if she intended what she had said in the fourteenth to be an absolute devise, there could have been no real property to become a

part of her residuary estate. But in specifying her residuary estate she includes, in terms, real property. This real property is nowhere to be found, except such as is referred to in the fourteenth clause. This real property she puts with the residue of her personal property, and speaks of all, as, "this, my residuary estate." Then, in the last clause of the original will, being the one following the nineteenth, she authorizes her "executors, in their discretion, to make *all sales of personal property or real estate* necessary or proper to carry out the purposes and *instructions* of this, my last will and testament." The italics are hers, and in the nineteenth she italicizes the words "real," "personal," and "estate," showing that she had in mind that she was bringing both in as a part of the residue.

While it is not easy to account for some language in the will, we think it is a case in which legacies are given generally, after which the residue of real and personal estate is given in one mass, in which case the legacies are charged on the residuary real as well as personal estate. This conclusion brings the case clearly within the rule stated above, which has full support in *Lewis v. Durling*, 16 How. 1, and cases cited.

Referring to the rule as to demonstrative legacies, and where paid, it may be well to notice 2 Redf. Wills (Third Ed.), 136. It is there said: "It seems to be clearly settled that no direction out of what fund the money is to be raised, unless it so identify the money that the legatee can say to the executor that all or a portion of the moneys or the fund are thereby transferred to him, will render the bequest specific. *    *    * There is an intermediate class of legacies between general and specific legacies, where a certain amount of money is to come out of a particular fund. These are sometimes called, after the denomination of the civil law, 'demonstrative legacies.' This class of legacies is not liable to be adeemed,

and so fail, by the fund being called in or changed, but is still payable out of the general assets." This proposition has some support in *Frank v. Frank*, 71 Iowa, 646 (33 N .W. Rep. 153). Our conclusion of this branch of the case is in accord with that of the district court.

II.   The next question is, as to the right of appellant to participate in the distribution of the residuary estate, after the discharge of the legacies under the rule we have affirmed.   The record presents the question as applicable to any such estate, whether real or personal.   Appellee argues the proposition as if it only involved a residuary personal estate, and thinks the question of no moment for consideration, because, in view of the record, there can be only a residue from the proceeds of real estate; and that is our view of the case.   Because of the improbability of there being a residuary personal estate, we will not enter into an extended discussion of that branch of the case, but simply announce our conclusions.   Appellant's interest in the residuary estate is created entirely by the fifth clause to the first codicil to the will, which refers to, and is to be construed with, the fourteenth clause.   The two, exclusive of the nineteenth clause, deal only with real estate.   The nineteenth clause disposes of the residuary personal estate "in four parts, as described in the fourteenth clause." The real estate mentioned in the nineteenth clause, we hold to mean that mentioned in the fourteenth clause, so that, without the codicil, the residuary personal and real estate would be divided into four parts. Later comes the codicil, and changes the division as to the real estate from four to five parts, giving to appellant one part; but it makes no difference as to the nineteenth clause, which disposes of the residuary personal estate.   Our conclusion is, that any residue of the real estate should be so divided that appellant would take one-fifth, but nothing from any residue of

the personal estate.   If this is not the meaning of the present order, it should be so modified.

III.   Ellen D. Palmer was a niece of the testatrix, and a residuary legatee under the will.   She gave to Mrs. Newcomb, during her lifetime, three notes, aggregating six thousand dollars, each note bearing interest at eight per cent.   The following is the first note in full:   "Two thousand dollars, April 13, 1881.   Two years after date, for value received, I promise to pay Patience V. Newcomb, two thousand dollars, with eight per cent. interest annually; interest paid semi-annually.   And if I do not prefer to pay said note during the life of my aunt, Patience V. Newcomb, at her decease the two thousand dollars is then to be deducted from the bequest left me by my said aunt, Patience V. Newcomb, in her 'last will and testament.'   Ellen D. Palmer."   The interest was paid to April 13, 1890.   The other two notes contained provisions that the principal sum was to be deducted from bequests in the will.   At the death of Mrs. Newcomb there was interest due on all the notes, and the parties are in dispute as to the time interest should be paid.   The district court fixed the time at the death of Mrs. Newcomb.   Appellee thinks it should not have been so long, and appellant thinks it should have been longer.   The situation is so unusual that we have no authoritative guide to a conclusion.   There is some force in the thought that when the will took effect the law would so far make the deduction as to stop the interest, if the estate was sufficient to pay the legacy, so that creditors would not be prejudiced.   It is the equitable, and, so far as we are advised, a legal, conclusion under the facts.   Except in so far as a modification may be necessary to meet our views as to the distribution of the residuary estate, the judgment of the district court is AFFIRMED.