No. 26,414.

R. L. WARLICK, *Appellee*, v. JOHN NORTH BOONE et al., *Appellants*,
and A. P. WARLICK, *Appellee*.

SYLLABUS BY THE COURT.

WILLS—*Legacies—Property Charged—Evidence.* A will gave two legatees
$1,500 each, and appointed an administrator. These provisions constituted
the entire will. When the will was made the testator's estate consisted
of a note for $3,000, secured by mortgage. Subsequently, the testator in-
vested the proceeds of the note in land. When he died, his estate con-
sisted of the land and barely enough personalty to pay his few debts and
his funeral expenses. *Held,* the will did not charge the real estate with
payment of the legacies, and parol evidence of an intention to do so was
not admissible.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed
January 9, 1926. Affirmed.

*R. P. Evans* and *George Clammer,* both of Manhattan, for the appellants.
*George D. Rathbun,* of Manhattan, for the appellee.

The opinion of the court was delivered by

BURCH, J.:   The action was one by an heir to partition real es-
tate of Sidney Monroe Warlick, deceased, who died testate. The
probated will was exhibited in the petition. The defendants, who
are the executor and the legatees under the will, answered that it
was necessary for the executor to appropriate the land in order to
satisfy legacies which it was alleged were charged on the real es-
tate. On motion of plaintiff, this part of the answer was stricken
out, and defendants appeal. The question is whether the legacies
were charged on the real estate.

The will was executed on April 1, 1916. At that time the tes-
tator owned no real estate, but did own a note for $3,000, secured
by mortgage. The entire will, omitting formal parts, reads as
follows:

"First, I give, devise and bequeath to my half sister, Minnie Lewellin
Boone, of Morganton, Burke Co., North Carolina, the sum of fifteen hun-
dred dollars ($1,500).

"Second, I give, devise and bequeath to my half brother, John North
Boone, of Morganton, Burke Co., North Carolina, the sum of fifteen hun-
dred dollars ($1,500).

Wills, 40 Cyc. pp. 1388 n. 90, 1427 n. 8, 1429 n. 13, 1434 n. 31, 2011 n. 41, 2013
n. 43, 2017 n. 67, 2022 n. 84; 19 L. R. A. n. s. 457; 28 R. C. L. 305.

"Third, I hereby appoint Rollin W. Yenawine executor of this will and testament."

The testator died December 12, 1924. He left personal property barely sufficient to pay his few debts and his funeral expenses, and real estate including that in controversy. His heirs are his brothers, R. L. Warlick and A. P. Warlick, and a brother and sister of the halfblood, John North Boone and Minnie Lewellin Boone. The answer alleged that, after the will was executed, the testator invested the proceeds of the note in the real estate, with the intention the legacies should become a charge thereon. The answer also contained the following:

"At the time of the execution of said will and at all times thereafter to the time of his death, said S. M. Warlick intended that pecuniary bequests to these answering defendants should be paid at all events; and that same should be a charge upon any and all real estate of which the said Sidney M. Warlick might die seized; that the said Sidney M. Warlick knew at the time of his death and some time prior thereto that he owned no personal property that could be employed to satisfy the pecuniary bequests; and that within a very few days of his death, knowing the fact to be that he had no personal property out of which to satisfy said bequests, he, in writing, signified his desire to have S. J. Yenawine appointed as executor of his will; and at said time he expressed the desire to have his will carried out by the said executor; that the said Sidney M. Warlick, at the time of the execution of said will and on other occasions thereafter and up to within a few days of his death, expressed the desire that the said bequests be paid out of his estate, and, as one of the reasons therefor, stated that these answering defendants had for years taken care of the mother of said Sidney M. Warlick and of these answering defendants."

It is a rule of law that legacies are payable out of personal estate only, unless a contrary intention be derivable from the will, and if personal estate be insufficient to pay gifts not charged on land, they fail. Legatees may be disappointed, and the testator's desire may not be fulfilled, but the subject is one over which the testator has full control, and there is no occasion for departing from the common-law rule.

While a will operates from date of the testator's death, the testator's intention is that expressed by the will. In this instance, conversion of personalty into realty after execution of the will, with intention entertained at the time of conversion that legacies should be charged on the land, could not serve to accomplish that result. An intention that legacies be paid in any event, that is, out of land if personalty be insufficient, must find expression in the will,

or it cannot be given effect. Expressions of desire that legacies be paid out of the testator's estate, that is, out of land if personalty be insufficient, occurring just before death, or at any time after execution of the will, could have no effect. The answer does not allege formal alteration of the will itself, or existence of those circumstances which the statute recognizes as having an effect upon an executed will. At the testator's death the will was just what it was when it was made, and if when it was made it did not express purpose to charge legacies on land, such purpose may not be engrafted on the will by parol evidence of subsequent changes in estate, or intention subsequently entertained, or both.

What intention does this will express relating to charging legacies on real estate? Manifestly none. There is no reference to real estate in the will, or other indication that the subject of real estate was present in the testator's mind. He gave $1,500 each to two persons, and did nothing more.

Extrinsic evidence may be resorted to for the purpose of ascertaining a testator's intention in case of ambiguity or obscurity or uncertainty in the terms of the will; but parol evidence is not admissible to show a testator meant something different from what he said, or to extend what he said to something which the language used does not suggest. In this instance, it might be inferred from the situation and circumstances of the testator when the will was made, that he considered his secured note, constituting his entire estate, would produce a net fund of $3,000, which he intended his executor should divide between the two legatees; but there is no warrant for holding that the naked bequests charged land not owned with their payment.

The authorities are in agreement with respect to the general principles stated, and there are two cases involving wills similar in all essential respects to Warlick's will, which decide that the will under interpretation did not charge real estate with payment of legacies, and that parol evidence was inadmissible to show intention to do so. (*Heslop v. Gatton, Exr.*, 71 Ill. 528, and *Fries v. Osborn*, 190 N. Y. 35.) The opinion in *Fries v. Osborn* carefully considered the whole subject, and concluded as follows:

"Until some method is adopted of reforming wills after the death of the testator, we fail to see how parol extrinsic testimony can be made to control the testamentary disposition of property as to which the testator has died absolutely intestate.

"As we read it, that is this case. The testator has died intestate as to his

real estate. His will does not touch it at all. There are no clauses relating to it which may be made the basis of interpretation and construction. We do not see how we are any more entitled upon the record presented to say that the will requires that the legacies be charged upon the unmentioned real estate than we would be entitled to read into the will a provision giving it in whole or part to the legatees named.

"Perhaps it may be assumed from the evidence and findings that this conclusion defeats what was really the expectation and intention of the testator. If that is so, of course it is to be regretted. But it will be only another illustration of the experience that no statute · or rule, however wise and · conducive to public welfare and safety in its general observance and application, can be so framed that it may not be made by ignorance and carelessness an occasional source of hardship in the individual case." (p. 40.)

The judgment of the district court is affirmed.