No. 29,858.

ABBIE WARREN, *Appellant,* v. CAROLYN PHEBUS, as an Individual and as Executrix of the Estate of Ida M. Ekengren, Deceased, et al., *Appellees.*

No. 29,859.

*In re* Estate of Ida M. Ekengren, Deceased; ABBIE WARREN, *Appellant.*

(297 Pac. 657.)

Opinion filed April 11, 1931.

W. *Glenn Hamilton* and *John E. Kirk,* both of Topeka, for the appellant.
*S. T. Seaton* and *C. L. Randall,* both of Olathe, for the appellees.

The opinion of the court was delivered by

SMITH, J.: These actions were an appeal from an order of the probate court construing the terms of a will, and a petition direct in district court asking that a will be construed. The court sustained a plea in abatement to the petition and construed the will on the appeal. From these rulings, Abbie Warren, who was one of the legatees and plaintiff in the action to construe the will, appeals.

The facts are that Ida M. Ekengren made a will while she was living in Los Angeles on October 13, 1927. Later she returned to her home in Olathe, and died on October 9, 1929. The pertinent part of her will was as follows:

"First: My house on West Loula St. to Carolyn Phebus.

"My house on the corner of Cedar and Walnut (old Ekengren home) to James Ostrander.

"Jerome Craig, 135 St. Mansfield, Los Angelus, to cash the cheque I make out in his name at the Citizens Trust and Savings Bank, 736 S. Hill St., Los Angelus, and send Carolyn Phebus, Olathe, Kan., to be divided as follows: 1st, all expenses of myself, her and ticket for myself and Ella Fick, also berth for Ella Fick to Olathe to be paid by Jerome Craig.

"The remainder to be sent to Carolyn Phebus (if best by travelers cheques).

"Secondly: Carolyn to give Abbie Warren, 1632 West St., Topeka, Kan., fifteen hundred dollars ($1,500).

"To Jessie Glasscock, 1320 Cleveland St., K. C. Mo., three hundred dollars ($300).

"To Stella Wesner, K. C. Mo., three hundred dollars ($300) for care of the Henderson Ekengren lot and flowers for ten years, two hundred dollars ($200).

"To Ada and Minnie Sykes give three hundred dollars ($300).

"$1,590 building loan to Ella Fick and Fannie Laphan.

"$1,000 to Ella Fick and $590 to Fannie Laphan.

"The remainder of money to be divided equally between Carolyn Phebus and James Ostrander, Olathe, Kan. . . ."

When Ida M. Ekengren made that will she had on deposit in the Citizens Trust and Savings Bank, of Los Angeles, about $4,800. When she died she had drawn all that out except $514.81. On December 10, 1929, James Ostrander, one of the legatees, filed a proceeding in the probate court of Johnson county, setting up the will; that the deposit in the Los Angeles bank had been nearly exhausted; that the legacies to Abbie Warren, Jessie Glasscock, Stella Wesner, Ada and Minnie Sykes should be paid out of the fund on deposit in the bank and not from the general assets of the estate; and that these legacies had been adeemed except so far as the

$514.81, remaining in the bank at the time of the death of Ida M. Ekengren, could be used to satisfy them. He prayed the court to determine that these legacies were specific.

Abbie Warren appeared and contested this application in probate court. That court on January 7, 1930, made extensive findings of fact, the gist of which was that, as prayed for in the application, the legacies to Abbie Warren, Jessie Glasscock, Stella Wesner and Ada and Minnie Sykes were to be paid out of the fund on deposit in the Los Angeles bank, and that they were only entitled to *pro rata* shares in the $514.81. Abbie Warren appealed from this decision to the district court.

On February 10, 1930, Abbie Warren filed her petition in the district court of Johnson county, in which she set out the facts about as detailed here. She prayed that the will be construed, that the legacies spoken of be declared to be general, and not specific, legacies and not limited to payment out of any funds in the Citizens Trust and Savings Bank. When this petition came on to be heard the district court sustained a plea in abatement to the petition on the ground that the appeal from the probate court involved the same parties and same subject matter and that the district court already had jurisdiction of that cause.

On the same day that the plea in abatement was ruled on the district court heard the case that was appealed from the probate court. Evidence was introduced and a full hearing had. In this case the court made findings of fact and conclusions of law and rendered judgment, holding that the legatees, Abbie Warren, Jessie Glasscock, Stella Wesner and Ada and Minnie Sykes, were only entitled to their proportionate share of $514.81, the amount that was in the Citizens Trust and Savings Bank to the credit of Ida Ekengren at the time of her death.

Abbie Warren appealed from this judgment. She urges here that the probate court had no jurisdiction to entertain the application to construe the will in the first instance, and that for that reason the plea in abatement to her action, filed in district court, should not have been sustained, and that if the probate court did have such jurisdiction the conclusion reached by the trial court as to the provisions of the will was erroneous. Since the end sought in both actions is to secure an adjudication as to the terms of the will, we will consider that question first, and we may not have to deal with the question of procedure.

The sole question presented by the will is: Was the bequest such a one as should be paid out of the fund mentioned, and if that fund should fail, out of the residue?

There are many cases where certain language in a will has been construed, but the controlling element has always been the intention of the testator. The question to be asked is, Did the testator intend the legacy to be paid out of his estate generally in case the fund on which it is charged or out of which it is to be paid proved insufficient? (2 Page on Wills, § 1231.) The rule is that the intention of the testator will be taken from the will as a whole, from all parts of it and from the circumstances surrounding the testator at the time of its execution. (*Morse v. Henlon,* 97 Kan. 399, 155 Pac. 800.)

With these rules in mind, let us examine the will and the circumstances of the testator and ascertain what her intention was at the time she wrote her will.

The record discloses that she was in California and expected to die in a short time, since she made arrangements for the transportation of her body back to Olathe. The will she made disposed of all her property. It is made up of a number of specific bequests, other than the one we are construing. She used a very unusual method of arranging for the distribution of the particular fund in question. This circumstance is very persuasive in causing us to reach the conclusion that it was the intention of the testatrix to see that Abbie Warren received $1,500 out of the funds on deposit in the bank at Los Angeles, and not out of any other funds. It seems that such is the natural inference to be drawn. It looks altogether likely that when she thought death was imminent, and knowing that she had the fund mentioned on hand in a bank, she wanted to divide it as she did in her will, but that since she lived to come back to Olathe, she needed the money to live on, and, of course, drew on her checking account for that purpose. We are supported in reaching this conclusion by *Stilphen, Appellant,* 100 Me. 146; *Crawford v. McCarthy,* 159 N. Y. 514; *Estate of Goodfellow,* 166 Cal. 409; 2 Page on Wills, 2d. ed., § 1230; 40 Cyc. 1870.

Since we reach this conclusion as to the terms of the will, it will not be necessary to decide the question of procedure. The judgment of the lower court is affirmed.

SLOAN, J., not participating.