No. 29,967.

S. Edith Chenoweth, as Trustee, etc., *Appellant*, v. (Walter Ralph Hall, *Appellant*) Catherine Young, Glenn A. Young and M. N. Ream, *Appellees*.

(299 Pac. 645.)

Opinion filed June 6, 1931.

*William Osmond, Elrick C. Cole* and *T. B. Kelley*, all of Great Bend, for the appellants.

*E. A. Schwartzkopf*, of La Crosse, and *Frank U. Russell*, of Hutchinson, for the appellees.

The opinion of the court was delivered by

Smith, J.: This is an action brought by one of the trustees of the will of Edward Hall, deceased, for the purpose of having the district court construe the will and give a declaratory judgment thereon. The court construed the will with regard to the proportionate shares of the defendants, Walter Ralph Hall and Catherine Young. From the judgment of the court Walter Ralph Hall appeals. The pertinent part of the will of Edward Hall, which the court construed, is as follows:

"Third. All my remaining estate, both real and personal, of whatsoever kind, and wherever situate, I give, bequeath, and devise to Mrs. Mary Mc-Cloud, of Sterling, Kansas, Frank L. Snodgrass, and J. P. Warden, both of McCracken, Kansas, as trustees, to hold all the same in trust for my daughter Catherine Hall and my son Walter Ralph Hall in shares as follows, to wit: Two-thirds of all said estate for Catherine and one-third of all said estate to Walter Ralph. Said trustees shall have power and are hereby directed—

"(a) To sell any and all property, both real and personal, and to convert all said property into money as speedily as practicable, and to invest said money so as to bear reasonable rates of interest, all for the use and benefit of said daughter and son, as heretofore named.

"(b) Out of such interest, and principal, if necessary, and any rent or other

funds coming into their hands, to meet all necessary expenditures for my daughter's care, keeping, clothes, education, and other necessary purposes relating to her welfare, as may be needed from year to year until she shall become of legal age, and then and thereafter my said trustees are directed, out of said interest, principal, rents, or other funds available, to pay to my said daughter, Catherine, the sum of $600 yearly, to be for her use and benefit as she may see fit to use same, for her reasonable expenditure, for each year until she shall reach the age of forty years, when all of her two-thirds of my estate shall be paid and delivered to her to be hers absolutely.

"(c) And further, out of said interest, principal, if necessary, and any rents or other funds coming into said trustees' hands to pay to my son, Walter Ralph, annually, after my daughter shall become of age, the sum of $300 per year, for each year until my said son shall reach the age of forty years, when he shall be paid all his one-third share of my estate, to be his absolutely. It is my will that my son receive nothing from my estate until my said daughter shall become of age as above set out.

"(d) I authorize my said trustees to collect my life insurance, of which my daughter Catherine is the beneficiary, on the policy held by me in the Modern Woodmen of America, and to invest same in the same manner for her benefit, all as set forth above for the investment of the balance of the money coming into their hands from her share of my estate, and to finally pay same to her in full when she shall attain the age of forty years. In case it shall be necessary to have a guardian appointed to collect said insurance, my executors are hereby authorized to choose such guardian, who may be one of my executors."

At the time this will was made the daughter Catherine spoken of was a little girl and the Walter Ralph Hall spoken of was about grown. The situation at the time of the bringing of this suit was that Ralph Hall had reached the age of forty and Catherine Hall, who is now Catherine Young, had reached the age of twenty-one. The time had come when Ralph, under the terms of the will, should receive his share of the estate, which was devised to him under the third paragraph of the will. The dispute is as to whether he was entitled to one-third of the estate as of the date of the death of the testator or whether he is only entitled to one-third as it existed on the day his sister Catherine became twenty-one. The court below concluded that Ralph was only entitled to one-third of the estate that was left at the time Ralph became forty years of age. The trustee and Ralph appeal and urge that under the terms of the will he is entitled to one-third of what the estate amounted to at the time of the death of the testator. This court has held many times that the cardinal rule in the construction and interpretation of wills is that the intention of the testator must be ascertained, if possible, from the entire language of the will as such intention is

manifested, either expressly or by necessary implication, and that it is proper for the court to consider the circumstances surrounding the testator. (*Warren v. Phebus,* 132 Kan. 816, 297 Pac. 657; *Morse v. Henlon,* 97 Kan. 399, 155 Pac. 800.)

With that rule in view, let us examine the provisions of the will and the circumstances surrounding the testator. Catherine was a motherless child when the will was written—Ralph was almost grown at that time. The testator provided that out of the interest that should be earned by the money which he devised to his children —"all necessary expenditures for his daughter's care, keep, clothes, education and other necessary purposes relating to her welfare should be paid until she became of age." The same clause provides further that if necessary the principal of such legacy shall also be used for the same purpose. The other provision in the will is that Ralph receive nothing from the estate until Catherine should become of age. From these two provisions, we think the intention of the testator is clearly manifest that the trustees should use this entire estate, even if it became necessary to exhaust it entirely, to properly care for Catherine until she became of age. It was the intention of the testator, and the thing in which he was most interested, that Catherine should be properly reared and educated and not be a charge upon anybody's bounty during the years that she would be growing up and going to school and getting her education. It was not until all this had happened, the testator provided, that Ralph should draw from the estate until he became forty years of age the $300 per year, so that the testator safeguarded in every way he knew possible any diminution of this estate until the thing in which he was interested above all other things—that is, the proper raising and care of Catherine while she was a child—should have been accomplished.

With all these things in view, we have concluded that the judgment of the court below is correct and that Ralph was only entitled to one-third of what was left of this estate when he became forty years of age, since the record discloses that at the time he became forty years of age his sister Catherine would have become twenty-one.

The judgment is therefore affirmed.