No. 30,372.

LILA B. WINQUIST et al., *Appellees*, v. MABEL V. DOERING, *Appellant*, MATTIE E. CARLTON et al., *Appellees*.

(9 P. 2d 632.)

Opinion filed April 9, 1932.

W. J. Gregg, Edward M. Gregg, both of Frankfort, W. W. Redmond and P. G. Wadham, both of Marysville, for the appellant.

Walter T. Griffin, of Marysville, Carroll D. Smith, of Blue Rapids, and S. M. Brewster, of Topeka, for the appellees.

The opinion of the court was delivered by

SLOAN, J.: This action is one brought to foreclose certain liens on real estate, and involves the construction of a will.

John A. Winquist died April 18, 1929, and left surviving his widow and thirteen children. His last will and testament was admitted to probate April 22, 1929. The will contained the following item, which is material for our consideration:

"Item IV. I give and devise unto my son, Albert S. Winquist, and his heirs and assigns forever, the northwest quarter of section twenty-three, township three south, range ten east (NW¼, sec. 23-3-10), in Marshall county, Kansas, subject, however, to the payment by him and his successors in interest, within one year from the date of my death, of the sum of two thousand dollars

($2,000) to my daughter, Lila B. Winquist, and of the further sum of two thousand dollars ($2,000) to my daughter, Winifred Winquist, and of the further sum of two thousand dollars ($2,000) to my daughter, Mabel V. Doering, and subject, also, to the further payment by him and his successors in interest to my said wife, Hannah Winquist, for her support and maintenance, of the sum of twenty dollars ($20) on the first day of each and every calendar month after the date of my death for and during the period of the natural life of her, my said wife, all of which payments I direct and require that my said son, Albert S. Winquist, shall make as hereinbefore specified as a consideration of this devise to him, and expressly make charges upon all the real estate in this item described."

In item two a devise is made to a son, Martin W. Winquist, of certain real estate, subject to the payment of $30 a month to a daughter, and $20 a month to the widow, Hannah Winquist. In item three a devise is made to John Leroy Winquist and Clifford R. Winquist of certain real estate, subject to a payment of $4,000 to a daughter, and $2,000 to a daughter-in-law, and a further payment of $40 a month to his widow. In item five a devise is made to Carl E. Winquist and Dorus L. Winquist of certain real estate, subject to a payment of $2,000 to a daughter, and the payment of $20 a month to his widow. The same form is used in these devises as in item four herein set out. The residuary clause devises all of the remainder of his property to twelve of his children, naming them.

At the time the will was executed the land described in item four was mortgaged in the sum of $5,000, and subsequent to the execution of the will and on the maturity of the mortgage the testator borrowed $5,000 from the defendant, Mattie E. Carlton, and executed to her a new mortgage on the same land, the proceeds of which were used in the payment of the mortgage. This mortgage was not paid by the testator and was an indebtedness against the estate and a lien on the land at the time of his death.

At the time of the death of the testator he was indebted to the First National Bank of Centralia in the sum of $5,707.50, and there was not sufficient personal property to pay this indebtedness. The devisees, other than Albert S. Winquist, made contribution in a sum sufficient to pay this indebtedness.

The trial court found that the will had been properly admitted to probate; that Albert S. Winquist, on June 16, 1930, had duly rejected and renounced the devise to him and disclaimed all interest in the real estate; that the mortgage held by the defendant, Mattie E. Carlton, was a continuation of the former mortgage, and that she

held a valid and subsisting first-mortgage lien on the real estate in question; that the testator did not own at his death sufficient personal property and assets to pay his debts and the costs of administration, and there was no other real property in the estate, except such as was specially mentioned and specially devised by the terms of the will; that the interest of Hannah Winquist in the real estate in question was $2,200; that her lien and the lien of the plaintiffs and the defendant, Mabel V. Doering, are of equal grade and entitled to share *pro rata* in surplus of the proceeds of the sale, after the satisfaction of the mortgage, interest, taxes and costs, and that the rent accrued from said land was in the amount of $292.19, which should be equally distributed among the legatees.

The defendant, Mabel V. Doering, appeals and contends that the court erred in failing to charge the mortgage indebtedness against the entire estate, and requiring that each of the beneficiaries contribute their proper share to the payment of the mortgage note.

The solution of this problem is found in the statute relating to the construction of wills and the interpretation of such statute by this court as it applies to the will in question. R. S. 22-260 provides that where any part of the real estate of a testator has not been devised or disposed of by will and the personal estate is insufficient for the payment of the debts chargeable against the estate, the undevised real estate shall be first charged with the debts, unless the will itself provides otherwise. This statute has no application to this case for the reason that there is no undevised real estate. R. S. 22-261 provides that where a devise has been made of real or personal property and it is taken for the payment of the debts of the testator the other devisees and legatees shall contribute their respective proportions of the loss to the person from whom the estate is taken, except as provided in the following section, which is R. S. 22-262, in which it is said:

"If in such case the testator shall, by making a specific devise or bequest, have virtually exempted any devisee or legatee from his liability to contribute with the others for the payment of the debts, . . ."

In *Smith v. Kibbe,* 104 Kan. 159, 178 Pac. 427, the court had before it a question somewhat similar to the one here under consideration. The facts, however, are entirely different. In the Smith case there was sufficient personal property to pay the debts, and the court properly held that under the statute, in the absence of any provision

in the will to the contrary, the debts of a testator are primarily paid out of the personal property. The executor was directed to pay the mortgage indebtedness on certain devised real estate out of the personal property of the estate. In this case the personal property was insufficient to pay the cost of administration and the personal debts. The real estate was specifically devised to certain devisees and in each instance it was subject to the payment of certain legacies. The appellant's legacy was made a specific charge against the real estate in question, which takes it out of the general rule that legacies are payable out of the personal estate. (*Warlick v. Boone,* 120 Kan. 148, 242 Pac. 135.) The statute (R. S. 22-262) appears to have been enacted to meet just this situation. The purpose of the testator, as gleaned from the will, is manifest that the devisees should be exempt from liability to contribute for the payment of debts of the estate. All of the real estate was devised and specifically charged with legacies. The mortgage in question is a continuation of the mortgage that was on the land when the will was made, and the purpose and intent of the testator clearly appears to be that this particular tract of land should remain charged with the mortgage lien, and the legatees can only take out of this specific real estate subject to such mortgage lien.

Under the terms of the will we hold that the court properly held that Albert S. Winquist renounced the devise to him. There is nothing in his conduct which would deprive him of the right to renounce the devise at the time it was made and filed with the probate court.

The judgment of the district court is affirmed.