No. 33,733

STELLA IRENE KELSEY, as an Individual and as Executrix of the Estate of John Warfield, Deceased, ELMA M. KELSEY, JOSEPH D. KELSEY, HELEN L. KELSEY, HAZEL J. KELSEY, MARY L. KELSEY and VIRGINIA A. KELSEY, by J. M. KELSEY, Their Natural Guardian, *Appellants*, v. JAMES HARVEY WARFIELD, CHARLES FRANKLIN WARFIELD and ELIZABETH MARTINDALE, *Appellees*.

(76 P. 2d 777)

Opinion filed March 5, 1938.

*George W. Donaldson*, of Chanute, for the appellants.

*S. A. Gard, C. J. Peterson* and *Mitchell H. Bushey*, all of Iola, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This is an action to construe a will. The trial court sustained a demurrer to the amended petition, and plaintiffs appeal.

The testator, John Warfield, a resident of Allen county, died August 14, 1934. By his last will, dated August 31, 1927, he disposed of his estate in the following manner:

"1. I, John Warfield, order and direct that all my just debts and all expense of my last sickness and funeral expense be first paid out of my estate.

"2. It is my will and desire and I hereby bequeath and devise to my niece, Stella Irene Kelsey, my real estate described as follows, to wit:

"The southeast quarter of section 11, township 27, range 21, Bourbon county, Kansas, for the term of her natural life, she to have the full possession and control of the said tract of land, and all income therefrom, and she to pay all taxes and upkeep charges thereon. Also,

"The southeast quarter of section 31, township 27, range 21, Neosho county, Kansas, for the term of her natural life, she to have the full possession and

control of the said tract of land, and all income therefrom, and she to pay all taxes and upkeep charges thereon. But she shall not mortgage nor encumber either tract of said land nor any part thereof during her lifetime. She may lease said land or any part thereof for oil and gas and develop same for such products.

"3. It is my will and I hereby devise the real estate by this will devised to Stella Irene Kelsey, for her lifetime, to her children, in fee simple, when she dies, but not sooner.

"4. Personal property: It is my will and I hereby bequeath to my said niece, Stella Irene Kelsey, the sum of $5,000 out of the personal property belonging to me, at the time of my death, on the following conditions, to wit: That the said sum of $5,000 be paid to her as soon as may be after my death, the said sum of money to be by her kept and invested and the proceeds arising therefrom to belong to her and for her use and benefit, as long as she lives. At her death the said sum of $5,000 shall be and become the property of the children of the said Stella Irene Kelsey and shall be paid to them.

"5. After the bequests and devises hereinbefore made by me have been paid and fully met, and all debts and charges paid, the remainder of my estate, belonging to me at the time of my death, shall be disposed of and paid as follows, to wit:

"It is my will and I bequeath such remainder of my estate to my sister, Elizabeth Martindale, and my brothers, James Harvey Warfield and Charles Franklin Warfield, share and share alike, but no part of any bequest to them or either of them shall be paid until the bequests and devises made to other persons in this will have been fully paid and carried into effect.

"6. I hereby name and appoint Stella Irene Kelsey to be executor of this will and request that she be allowed to serve without bond."

The amended petition alleged in substance:

That the plaintiffs and defendants together are the beneficiaries under the will and are all necessary parties to the determination of the matters set out in the petition.

That the plaintiff, Stella Irene Kelsey, is a niece of the testator, John Warfield, and that the defendants are brothers and a sister of the testator. That for many years prior to his death, and for many years prior to the execution of his will, John Warfield was a resident of Allen county, and that during these years the plaintiffs were residents of Neosho county, and living within a few miles of the testator. That during this period of years the testator frequently lived with the plaintiffs for long periods of time, and frequently visited in plaintiffs' home, and the plaintiffs frequently visited in the testator's home. That during this period of years the defendants lived in the state of Illinois, and did not visit with the testator, and the testator did not visit with them, and for many years prior to testator's death, and prior to the execution of his will, as plaintiffs

are informed and verily believe, the testator did not see the defendants or communicate with them in any way. That by reason of the above and foregoing facts and circumstances, the plaintiffs are the natural objects of the bounty of the testator, John Warfield.

That the will is ambiguous in two respects:

1. That there is not sufficient personal property in the estate to pay certain bequests to plaintiffs and the debts, charges and expenses of administration; that the only residuary property is real estate in Allen and Bourbon counties, and it is not clear from the terms of the will whether the testator intended that the debts and charges against his estate should be paid and met out of the residuary real estate or out of the personal property bequeathed to plaintiffs.

2. That is it not clear from the terms of the will whether the testator intended that the payment of the bequest to plaintiffs of five thousand dollars contained in paragraph 4 of the will should be a charge upon the residuary real estate in the event that the personal property should be insufficient to pay the bequest in full, and that the residuary real estate should be treated as personal property and sold to satisfy any deficiency in the personal assets of the estate.

That the plaintiffs desire and are entitled to have the court construe the provisions of the will and determine the intention of the testator and to resolve the ambiguities contained in the will.

That the natural, reasonable and proper construction of the will is to the effect that the testator intended for all debts and charges against the estate to be paid out of the residuary personal property, and that in the event there was no such residuary personal property such debts and charges should be paid and satisfied out of the residuary real estate. That the testator intended that the bequest of five thousand dollars hereinabove mentioned should be paid out of the personal property of the estate, or in the event that there was not sufficient personal property to pay the bequest, that the bequest should be a charge upon the residuary real estate and that the residuary real estate should be sold to satisfy and pay the bequests, and that in no event should the defendants herein receive any bequest or devise as residuary beneficiaries until all bequests and devises to these plaintiffs have been satisfied in full and all debts and charges against the estate satisfied in full.

Defendants assert that although the legacy of $5,000 is payable in money, it is a specific legacy, and in support of this proposition rely on *Warren v. Phebus,* 132 Kan. 816, 297 P. 2d 657. In that case the testatrix had a fund in a bank which she directed to be

withdrawn and divided among certain named persons in a designated manner. Under the circumstances the court found that the legacy there in question was payable out of the fund in the bank "and not out of any other funds." Clearly that was a specific legacy, and the fund out of which it was payable having been withdrawn by the testatrix in her lifetime, the gift failed. (*Myers v. Noble*, 141 Kan. 432, 41 P. 2d 1021; *Taylor v. Hull*, 121 Kan. 102, 245 Pac. 1026.)

In the case at bar, if the testator had stopped with paragraph 4 of the will the argument of defendants would have been persuasive. But in paragraph 5 he declares "after the bequests and devises hereinbefore made by me have been paid and fully met, and all debts and charges paid, the remainder of my estate" is to go to his brothers and sister. But not content with this clear statement, and to exclude any lingering possibility of a doubt as to his intention, the testator makes the further emphatic statement that no part of any bequest to his brothers and sister "shall be paid until the bequests and devises made to other persons in this will have been fully paid and carried into effect." This language, we think, leaves the defendants without any substantial ground upon which to rest the opposite contention.

A testator may, either expressly or by implication charge his real estate with payment of debts and legacies in exoneration of his personal estate. The intention must find expression in the will, or it cannot be given effect. (*Warlick v. Boone*, 120 Kan. 148, 242 Pac. 135; *Winquist v. Doering*, 135 Kan. 92, 9 P. 2d 632.)

In *In re Will of Newcomb*, 98 Ia. 175, 67 N. W. 587, the syllabus reads:

"Testator, after making certain legacies to be paid from the proceeds of the realty, gave other legacies to be paid from the avails of personalty, and subsequently gave the proceeds of the residuary estate, real and personal, to be divided among certain persons. *Held*, that in case the personal estate was insufficient for the payment of the legacies directed to be paid therefrom, such legacies, after payment of the legacies directed to be paid from the proceeds of the realty, should also be paid from the balance of such realty proceeds."

After the payment of the debts and the legacy of $5,000 the testator devises and bequeaths the residue as one mass to the defendants. In holding, as we do, if the personal estate is not sufficient to pay these items, the residual real estate must stand charged therewith, we are giving effect to the positive directions of the testator. For the reasons given, we think the petition stated a cause of action.

The judgment must be reversed. It is so ordered.