## STARK, EXR. AND TRUSTEE, v. MCEWEN ET AL.

*Wills—Construction—Fee simple or remainder—Devise of full one-third of estate—Trust fund administered, how—Legacy of yearly income—Fee simple not diminished by later ambiguous provision.*

1. An item of a will providing "I give to my sister * * * the full one-third of my estate," means a full one-third of the estate in fee subject only to a proportionate amount of the debts of the estate and costs of administration, and not one-third of the remainder of the estate after paying bequests and setting aside trust funds provided for in previous items of the will.

2. A direction in a will that the executor and trustee "set apart and keep suitably invested sufficient of my estate to produce a net yearly income" of a specified amount does not mean to hold the entire estate in trust, but only a fund, separate and apart, of sufficient amount to produce the income named.

3. A fee simple estate devised by a will in clear and positive language will not be cut down by a later provision in the will which is ambiguous.

(Decided April 11, 1921.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Charles H. Stephens, Jr.,* for plaintiff.

*Mr. Theodore Horstman; Mr. J. B. Swing; Messrs. Hackett & Yeatman* and *Mr. Frank H. Kemper,* for defendants.

BUCHWALTER, J. This action comes into this court on appeal from the court of common pleas of Hamilton county.

The plaintiff, as executor and trustee of Mary A. Britt, deceased, asks for construction of the will and direction of the court as to carrying out certain provisions therein. The devisees, legatees, and other persons, who are claiming under certain mortgages, executed by some of the beneficiaries, are defendants.

The will, without the attestation clause, is as follows:

"I, Mary Ann Britt, being of sound mind, do make and publish this my last will.

"Item First. I direct my Executor and Trustee hereinafter named to set apart and keep suitably invested sufficient of my estate to produce a net yearly income of Forty-eight Hundred ($4,800) Dollars and from said income pay monthly during life the sum of One Hundred Dollars to each of the following persons, to-wit: my brother, Francis I. Partridge, my niece, Mrs. McEwen, my niece Mrs. Dixon, and my niece Blanche Partridge.

"Item Second. I direct my said Executor and Trustee to set apart and keep suitable invested a sum sufficient to yield a net income of One Hundred Dollars per month and pay the same monthly to my nephew Arthur J. Partridge, son of said brother, until he arrives at the age of twenty-five years and then to pay to him the principal sum so invested.

"Item Third. I direct my said Executor and Trustee promptly after my death to pay the sum of One Hundred Dollars to each of five priests in the diocese of Cincinnati to be named by the Most Rev. Archbishop, with the obligation of saying masses for the repose of my soul. Also to pay promptly the following charitable bequests; to the St. Joseph Orphan Asylum now at Cumminsville the sum of Five Hundred Dollars; to the Sisters of Charity for Seton Hospital the sum of Five Hundred Dollars; to the Sisters of the Good Shepherd for the institution now conducted by them on Price Hill the sum of One Hundred Dollars.

"Item Fourth. I give to my sister Mrs. Margaret Orr the full one-third of my estate.

"Item Fifth. All the rest and residue of my estate I give as follows: One-fourth thereof to my nephew Arthur J. Partridge, one-fourth to my niece Mrs. McEwen, one-fourth to my niece Mrs. Dixon and one-fourth to my niece Blanche Partridge. Said rest and residue shall be divided upon the death of my brother Francis I. Partridge. Thereupon the provision of One Hundred Dollars a month to my nephew and nieces shall cease.

"Item Fifth. Should any of my legatees contest this will, his or her portion shall become part of the residue of my estate.

"Item Sixth. I nominate and appoint Edgar Stark, or whoever may be the trust officer of the Union Savings Bank and Trust Company of this City, Executor and Trustee of this my will. I give him full power to sell, lease, divide or rent any of my real or personal property and execute proper instruments for that purpose, to make repairs or improvements, to make and change investments and

generally to do such things as may be necessary or proper in the administration of my estate and the trusts reposed in him without applying to court for leave so to do. I direct that in case any of my bequests or devises should be subject to any inheritance or other tax, the same to be paid by my estate. I hereby vest in my said Executor or Trustee such title as may be necessary to carry out the provisions of this my will.

"*Cincinnati, June 27, 1910.*

"her

"MARY ANN (X) BRITT.

"Mark."

The deceased, at her death, left about $17,000 in personalty, mostly cash, the balance in real estate, then valued at about $285,000. An action to contest the will was instituted by the heirs at law of Patrick Britt, who was the deceased husband of the testatrix. A compromise was effected with these contestants, and the will was sustained. In order to make settlement in the amount agreed upon, it became necessary to execute a mortgage to The Union Savings Bank & Trust Company. This mortgage was executed jointly by the various beneficiaries. Certain of the beneficiaries named in Item 5 executed various mortgages covering any interest they might have in said estate.

No separate fund has been set aside as provided for in Item 1, although the fund provided for in Item 2 has been paid to the beneficiary therein named.

Plaintiff prays for the direction and judgment of the court as to his rights in the premises, and as to the rights of the parties in interest, and prays for a

finding and judgment that the said instruments or mortgages, given by said beneficiaries, do not affect the power of sale given to him by the will of said Mary Ann Britt, or any of the other powers therein specified, and that he has full power and authority under said will to sell and transfer title to any and all of the real estate belonging to said Mary Ann Britt, which the said Mary Ann Britt had at the time of her death, and for the direction and judgment of the court as to the proper construction of the bequest or devise to defendant, Margaret E. Orr.

Defendant, Grace McEwen, prays for the direction of the court as to the rights of the parties, for a finding and judgment directing the plaintiff to set apart and keep invested sufficient of the assets of said estate to produce a net yearly income of $4,800, as directed in Item 1, and for a finding and judgment that she and the other beneficiaries are now and have been since the death of Mary Ann Britt seized in fee simple of the residue of the estate, free from any trust.

Various answers by other parties, including mortgagees, were filed.

The questions presented to the court for determination are:

*First*: What is the interest of Margaret Orr under Item 4?

*Second*: What are the powers and duties of the executor and trustee under this will?

*Third*: What are the rights of the beneficiaries and their mortgagees under Item 5?

The first item of the will provides that a sufficient portion of the estate be set aside and held in trust for the benefit of the persons therein designated.

The second item provides for another trust, but as the fund referred to therein has been paid over to the beneficiary, in accordance with the provisions of this item, this portion of the will is no longer in controversy.

The third item provides for certain legacies amounting to $1,600. These have been paid, and are not now in question.

The fourth item is: "I give to my sister, Mrs. Margaret Orr the full one-third of my estate."

It is contended that this legacy or devise is subject to the provisions of Items 1, 2 and 3, and that the testatrix intended, after setting aside sufficient funds to provide for the income stated in Items 1 and 2, and the payment of the charitable bequests in Item 3, that Margaret Orr was to receive one-third of the remainder of the estate. Such a construction of this item would clearly not carry out the intention of the testatrix. If she had given one-third of the estate, that would have been sufficient to pass the title to one-third of the entire estate, but in order that the item might be clear the word "full" was inserted. We hold that under Item 4 the defendant Margaret Orr is entitled to a full one-third of the estate in fee simple, subject only to her proportionate share of the debts of the estate and costs of administration, and that until her share has been distributed or conveyed to her she is entitled to the net income from said one-third, subject, however, to the mortgage to The Union Savings Bank & Trust Company.

It is clear that Items 1 and 2 were intended to provide for trust funds, the income of which was to be paid to the beneficiaries named therein.

Item 6, which really should be marked Item 7, gives the executor and trustee full power to carry out the terms of the trust. The language "set apart and keep suitable invested sufficient of my estate to produce a net yearly income," is definite, and not subject to any doubt. This item in itself cannot be held to mean to hold the entire estate in trust, and pay therefrom such monthly installments as are provided for in Item 1. The intent of the testatrix was that such a fund was to be separate and apart, and the executor was given power to dispose of, or sell the real estate for this purpose. No good reason has been advanced for failure to do this, and, as the trust provided for in Item 2 has been terminated and the fund paid over, the court directs the executor and trustee to proceed to set apart sufficient of the estate to carry out the provisions of Item 1.

We come now to Item 5:

"All the rest and residue of my estate I give as follows: One-fourth thereof to my nephew Arthur J. Partridge; one-fourth to my niece Mrs. McEwen; one-fourth to my niece Mrs. Dixon; and one-fourth to my niece Blanche Partridge."

This language clearly grants a fee simple title to each of the persons therein named of one-fourth of the rest and residue. Nowhere in this item does it appear that the title is to be in the trustee; nor does it provide as to the disposition of the income from this rest and residue.

It is contended that the following language of Item 5 cuts down the estate in fee simple: "Said rest and residue shall be divided upon the death of my brother Francis I. Partridge. Thereupon the provision of One Hundred Dollars a month to my nephew and nieces shall cease."

Does this language create a trust as to the devise in this item? We do not so construe it. The provision that the residue shall be divided upon the death of the brother Francis is a separate sentence, and, while it follows the devise, it can as well apply to the trust fund, heretofore referred to in Items 1 and 2, as to the rest and residue given.

"Language which cuts down an estate in fee to a less estate must be as clear and decisive as the words by which the estate in fee was given in the first instance." Page on Wills, Section 574.

It is a rule of law that estates shall be held to vest at the earliest possible period, unless there be a clear manifestation of the intention of the testator to the contrary. *Bolton* v. *Bank,* 50 Ohio St., 290, and *Linton* v. *Laycock,* 33 Ohio St., 128.

The language following the devise in fee simple in Item 5 is ambiguous. The sentence may refer to Items 1 and 2. After giving the rest and residue to the nieces and nephew in fee simple, which included the principal sum set aside in trust in Item 1, there still remained a question as to the time of distribution of the fund in Item 1. This time of distribution for this particular fund is determined by the clause, "said rest and residue shall be divided upon the death of my brother, Francis I. Partridge." The meaning would be most clear if testatrix, after giving the fee simple, had used the words "the rest and residue," instead of "said rest and residue," but as it stands it is ambiguous, and, under the rule heretofore stated, will not derogate from the fee simple title. There is nothing in Item 6 which conflicts with this construction. It appoints Edgar Stark executor and trustee, with power to sell, lease, divide, rent and execute proper instruments, and to

do "such things as may be necessary or. proper in the administration of my estate and the trusts reposed in him." It further provides: "I hereby vest in my said executor or trustee such title as may be necessary to carry out the provisions of this my will."

Mr. Stark is appointed in a dual capacity, as executor and as trustee, with definite duties to perform as to each. The powers given him are as to both, and such as are necessary to carry out the provisions of the will in both capacities. This item does not, either by itself, or in connection with the other items of the will, make him trustee of all the estate.

"The office of executor and trustee under a will are distinct, and are not to be performed in the same capacity." 3 Redfield on Wills, star page 72.

The intention of the testatrix is determined by the language of the will taken in connection with the circumstances surrounding her at the time of its execution. In *Jewett* v. *Jewett,* 21 C. C., 278, this rule is laid down:

"In arriving at the intention of the testator, a court should as far as possible try and put itself in the position of the testator at the time of making the will."

Our interpretation of the intent of the testatrix as to the phrase "said rest and residue," etc., is that it was to apply to the trust fund created in Item 1. We, therefore, hold that by Item 5 Arthur J. Partridge, Mrs. McEwen, Mrs. Dixon, and Blanche Partridge, now Mrs. McCarty, were at the death of Mrs. Britt each vested in fee simple with an immediate one-fourth interest in the rest and residue of the estate, and that the fund provided for in Item 1 shall be held by the trustee until the death of Francis I.

Partridge and then distributed to the four persons named in Item 5.

The mortgage given to The Union Savings Bank & Trust Company was given with the consent of the executor and by all parties interested, so that would not affect the right of the executor to sell or dispose of sufficient real estate to take care of the trust fund. The executor is now empowered to dispose of property sufficient to fully provide for this trust fund, the real estate heretofore sold having been applied to the payments of the fund in Item 2.

The case of *Bernheim* v. *Stark, Exr. & Trustee*, 9 Ohio App., 40, relied on by the plaintiff was an action to enforce a contract for the sale of real estate entered into by the executor. Undoubtedly the plaintiff had power and authority to enter into the contract in question, but in that case no issue was before the court except the authority of that plaintiff to so do. The contract of sale was entirely consistent with his duties under the trust provisions of Items 1 and 2. As to his title in connection with other portions of the estate, no issue was raised. It was not necessary for determination, and hence any statement of the court therein as to the other property has no application in this case.

The executor has the power to sell real estate free from the interests of the beneficiaries, or their mortgagees, to provide the trust fund, heretofore referred to. Such power, however, is a power of sale for those purposes, and title to the estate does not vest in him.

It is the duty of the executor to sell and set aside property sufficient to meet the requirements of the trust provisions of Items 1 and 2. When so set aside, the trustee holds such fund or property for

the purposes of these trusts. *Hoyt* v. *Day*, 32 Ohio St., 101, and *Lambert* v. *Harvey*, 100 Ill., 338.

If it is necessary in providing for this trust fund, and in the interest of the estate, to sell a larger piece of real estate than is actually required to provide the fund, the balance will be subject to distribution as a part of the vested estate.

A decree may be drawn accordingly.

*Judgment accordingly.*

HAMILTON, P. J., and CUSHING, J., concur.