No. 26,692.

ALICE JANE TAYLOR, ALFRED GEORGE STEPHEN ELSTOB, ERNEST ELSTOB, HILDA MARGARET McMEEKIN, and AMY K. FIELD, *Appellants,* v. CORA HULL and R. E. HAWMAN, Administrator of the Estate of WILLIAM H. ELSTOB, Deceased, *Appellees.*

SYLLABUS BY THE COURT.

1. WILLS—*Specific Legacy—Sufficiency of Description.* A misdescription of property is not fatal to a bequest, when from the description given the property can be identified.

2. SAME—*Specific Legacy—Definition.* A specific legacy is a bequest of some definite thing capable of identification by description from other property of the testator.

3. SAME—*Specific Legacy—Elements of Effectiveness.* In order to make a specific legacy effective, the property bequeathed must be in existence and owned by the testator at the time of his death.

4. SAME—*Specific Legacy—Ademption—Sale of Subject Matter.* A testator bequeathed to a named beneficiary United States government bonds, of the par value of $9,000, which he specifically described. Later he sold $3,000 worth of the bonds. At the time of his death he owned the remaining $6,000 worth of bonds; had $2,021 in the bank, and a note for $1,000. *Held,* the legacy was adeemed as to the $3,000 worth of bonds sold; the legatee should receive the $6,000 worth of bonds, and the money in the bank and note constitute a part of the property of the testator's estate to be distributed to his heirs.

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion filed May 8, 1926. Modified.

*R. O. Robbins,* of Sedan, for the appellants.

*W. H. Sproul* and *C. W. Spencer,* both of Sedan, for the appellees.

Wills, 40 Cyc. pp. 1869 n. 62, 1870 n. 63 *et seq.,* 1872 n. 85, 1919 n. 67, 1920 n. 71; 28 R. C. L. 345.

Taylor v. Hull.

The opinion of the court was delivered by

HARVEY, J.: This is an action to set aside the will of W. H. Elstob, late of Chautauqua county, because of undue influence, and, in the alternative, to construe the will. The case was tried to the court and judgment rendered for defendants. Plaintiffs have appealed only from that part of the judgment construing the will.

The portion of the will, the construction of which is in controversy, is as follows:

"I give to Cora Hull, daughter of the late Jasper N. Hull, nine thousand dollars ($9,000) in war bonds of the following description:" (Then follows a description of bonds by number, face value, the specific class of bonds, and the place where the testator subscribed for them.)

At the time the will was executed the testator owned eleven bonds of the aggregate face value of $9,000, issued by the United States government during the world war. The particular description of the bonds as given in the will was inaccurate in two respects: Bond No. 4513 for $1,000 was omitted, and bond No. 3033 for $500 was stated to be for $1,000. Had these two bonds been correctly described, the descriptions would have been complete and accurate as to bonds then owned by the testator.

Appellants contend that since bond No. 4513 was omitted from the description, and bond No. 3033 was inaccurately described, the testator died intestate as to these two bonds. This contention cannot be sustained. The bequest of $9,000 of war bonds was complete without a particular description of the bonds, and an inaccuracy in that description would not defeat the legacy (*Zirkle v. Leonard*, 61 Kan. 636, 60 Pac. 318), there being no controversy now as to the bonds owned by the testator at the time he made the will or as to their being the same bonds owned by him at the time of his death—except as to three bonds hereafter mentioned.

At the time of the testator's death, nearly four years after he executed his will, he did not have three of the bonds, numbered 80107, 92489, 93490, Victory loan, of $1,000 each, described in the will, but did have the remaining $6,000 worth of bonds. He had in his account at the bank to his credit $2,021, also a note for $1,000, which was later paid to his administrator with the will annexed. The trial court held, in effect, that this money in the bank and the note, or proceeds thereof, should go to the beneficiary named in the

will, Cora Hull, in lieu of the three $1,000 bonds last mentioned. Appellants contend that the bequest, being a specific legacy of war bonds which the testator did not own at the time of his death, the legacy fails to that extent. This contention must be sustained.

A legacy is said to be general when it does not direct the delivery of a particular thing, but which may be paid or satisfied out of the general assets; it is demonstrative when the bequest is of a certain sum of money, with directions that it shall be paid out of particular funds; and it is specific when it is a bequest of some definite thing. In 40 Cyc. 1869 it is said:

"A specific legacy is a bequest of some definite, specific thing, capable of being designated and identified; one which separates and distinguishes the property bequeathed from the other property of the testator so that it can be identified, and delivered to the legatee as a particular thing or fund bequeathed. Such a legacy can be satisfied only by a delivery to the legatee of the particular thing bequeathed to him, and if that thing is not in existence when the bequest would otherwise become operative the legacy has no effect."

In 28 R. C. L. 345 it is said:

"The distinctive characteristic of a specific legacy is its liability to ademption. If the identical thing bequeathed is not in existence, or has been disposed of so that it does not form a part of the testator's estate at the time of his death, the legacy is extinguished or adeemed, and the legatee's rights are gone. The rule is universal that in order to make a specific legacy effective the property bequeathed must be in existence and owned by the testator at the time of his death, and the nonexistence of property at the time of the death of a testator which has been specifically bequeathed by will is the familiar and almost typical form of ademption."

See cases cited in the text, and the following: *Kelleher v. Kelleher,* 140 Minn. 409; *Wood's Estate,* 267 Pa. St. 462; *Sherman v. Riley,* 43 R. I. 202; *Holcomb v. Mullin,* 167 Ark. 622; *Burnett v. Heinrichs,* 95 N. J. Eq. 112; *Leighton v. Leighton,* 193 Ia. 1299.

Our own cases, while not directly in point, are in accord with the authorities cited: *Hamblin v. Rohrbaugh,* 3 Kan. App. 131, 134; *Willoughby v. Watson,* 114 Kan. 82, 216 Pac. 1095; *Warlick v. Boone,* 120 Kan. 148, 242 Pac. 135.

Here there was a specific legacy to Cora Hull of $9,000 in war bonds, with their specific descriptions. When the testator died he had only $6,000 in war bonds. The legacy is good to the extent of the $6,000 war bonds, but is ineffectual to pass other property than war bonds.

Appellees argue that this $3,000 in bonds had been called in by

the government; hence it was an involuntary change of the form of property of the testator. The record hardly affords a basis for this argument, but assuming that it does, the point is not well taken. (*Ludlam's Estate,* 13 Pa. St. 188; *Ametrano v. Downs,* 170 N. Y. 388; and cases collected in 40 L. R. A., n. s., 554.)

Appellees argue that the $2,021 and the note for $1,000 were the proceeds of the sale of the $3,000 of bonds, and for that reason should go to the beneficiary. The record hardly supports the basis of this argument, but assuming that it does, the point has no merit. In 40 Cyc. 1919, it is said:

"A sale of personal property bequeathed or a conveyance of land devised causes an ademption, although it would be possible to follow the proceeds of such sale."

The judgment will be modified, by affirming it as to Cora Hull's right to the $6,000, face value, of war bonds, and reversing it as to the other property, with directions to enter judgment for plaintiffs, subject, of course, to the cost of administration.