[S. F. 11810. In Bank.—July 26, 1926.]

In the Matter of the Estate of EMMA L. O'NEIL KIRBY, Deceased. MAUD JUNKINS, Executrix, etc., Appellant, v. PATRICK MULLIGAN, Respondent.

[1] WILLS—SALE OF PROPERTY—BEQUEST OF PROCEEDS—DEDUCTION OF MORTGAGE LIEN.—Where the will of a testatrix provides that "all of the estate" of which she "may die seized or possessed be sold as soon as possible" after her death and the "proceeds of said sale" are devised and bequeathed to designated beneficiaries, and her estate to be sold consists of a parcel of unimproved real property which is subject to a mortgage, the proceeds from the sale of said property is the amount of the selling price less the amount of said mortgage, i. e., the amount remaining in the hands of the executrix from the selling price of said property after the payment of the mortgage lien thereon, and not the full purchase price.

[2] ID.—CONSTRUCTION OF BEQUEST—DEDUCTION OF DEBTS AND ADMINISTRATION EXPENSES.—Where a will, after providing that all of the estate of the testatrix of which she dies seised or possessed be sold as soon as possible after her death, devises and bequeaths one-third of the proceeds of said sale to a designated beneficiary, the share which said beneficiary is entitled to receive is one-third of the estate remaining in the hands of the executrix after the

payment of the debts of the deceased and the expenses of administration, and not one-third of the proceeds from the sale of the property of the estate.

(1) 40 Cyc., p. 1483, n. 30.    (2) 21 C. J., p. 914, n. 26; 40 Cyc., p. 1525, n. 11, p. 1545, n. 80.

APPEAL from a decree of the Superior Court of the City and County of San Francisco directing distribution of an estate. Frank H. Dunne, Judge. Reversed.

The facts are stated in the opinion of the court.

Olin L. Berry for Appellant.

John J. O'Toole for Respondent.

CURTIS, J.—Emma L. O'Neil Kirby died on the fifth day of May, 1924, leaving a last will and testament which was duly admitted to probate in the superior court of the city and county of San Francisco. A portion of the third paragraph of said will reads as follows: "3rd. I hereby direct that all of the estate of which I may die seized or possessed be sold as soon as possible after my death, the proceeds of said sale I hereby devise and bequeath as follows: 1. One third (1/3) thereof to Rev. Patrick Mulligan of St. Joseph's Church, San Francisco, California, to do with as he sees fit." Then follows a bequest of $500 to Jessie Weigmore, a second bequest of $500 to Rev. Patrick Mulligan "for masses for the repose of my soul and the souls of the members of my family," a bequest of $300 to Abbie Bone and finally all the rest and residue of the estate to Maud Junkins, whom the testatrix appointed executrix of her will. At the time of her death the estate consisted of the sum of $20 in money and a parcel of improved real property situated in the city and county of San Francisco, which was subject to a mortgage given to secure the payment of a promissory note for $2,100. During the administration of the estate the executrix, prior to the sale of said real property, collected $869.50 in rents therefrom. The real property was sold by said executrix for $9,000 and after deducting the amount of the mortgage the estate received therefrom the sum of $6,900. The total amount of money, therefore, which came into the hands of said execu-

trix was the sum of $7,789.50. The debts of said deceased
and the expenses of administration amounted to $1,814.12,
which, deducted from the total amount of money received by
said executrix, left for distribution the sum of $5,975.38.
This amount was distributed by the probate court as fol-
lows:

"To Rev. Patrick Mulligan...............$3,000.00
   To Mrs. Jessie Weigmore ................    500.00
   To Rev. Patrick Mulligan for masses for
      the repose of the soul of said deceased
      and for the repose of the souls of the
      members of her family ...............    500.00
   To Abbie Bone........................    300.00
   To Maud Junkins, the remainder........ 1,675.38

      Total ...........................$5,975.38"

From the decree of distribution, Maud Junkins, the resid-
uary legatee, has appealed. The claim of the appellant is
that under the terms of said will Rev. Patrick Mulligan,
aside from the sum of $500 bequeathed to him for masses for
the repose of the soul of said deceased and the members of
her family, is entitled only to one-third of the estate of
said deceased after the payment of the claims against said
estate and the expenses of administration, which would be
one-third of $5,975.38, or the sum of $1,991.80, instead of
the sum of $3,000, ·the amount distributed to him by the
probate court. The solution of this question involves the
proper construction of that portion of the third paragraph
of said will above set out. By this portion of the will it
will be noted that the testatrix directed that all of her
estate be sold and the Rev. Patrick Mulligan was bequeathed
one-third of the proceeds of said sale. Did the testatrix
by this provision of her will intend to bequeath to Rev.
Patrick Mulligan one-third of the gross proceeds of the sale
of the property of said estate or did she intend to bequeath
to him one-third of the net proceeds of the sale of said
property after the payment of the mortgage thereon, or did
she intend to bequeath to him one-third of her estate after
the payment of all her debts and the expenses of administra-
tion? [1] We think it quite obvious that she did not in-
tend to bequeath to Rev. Patrick Mulligan one-third of the
gross proceeds of said sale. All the proceeds received from

the sale of said property was the amount of its selling price less the amount of the mortgage then a lien upon said property. The amount due on the mortgage in all probability and, if the usual practice governing transactions of this nature were followed in making said sale, never actually came into the hands of the executrix, but was paid over to the mortgagee at the time of the sale and only the net proceeds of said sale was received by the executrix, in which event only the amount actually received by the estate could be considered as the proceeds of the sale. But had the full purchase price of said real property actually been paid to said executrix and had she thereupon paid to the mortgagee from said proceeds the amount of the mortgage, the result thereof would have been the same. The proceeds of said sale would have been the amount remaining in the hands of the executrix from the selling price of said real property after the payment of said mortgage lien thereon. No purchaser of said real property would have paid to the executrix the full purchase price which he was paying for said property until said mortgage debt had been paid and said mortgage satisfied and discharged. We are satisfied that it was not the intention of said testatrix to give to Rev. Patrick Mulligan one-third of the gross proceeds of said sale.

[2] The next question that presents itself is, did the testatrix by the above provision of her will intend to bequeath to Rev. Patrick Mulligan one-third of the proceeds of that portion of the property of her estate as might be sold and converted into money or did she intend that he should receive one-third of her estate after the payment of all just claims against it? That the testatrix had in mind her whole estate is apparent from the wording of this paragraph of her will. She directs her executrix to sell all of the estate of which she died seised or possessed as soon as possible after her death. She then proceeds to dispose of the proceeds of said sale, evidently dealing with said proceeds as her entire estate. She bequeaths one-third thereof to Rev. Patrick Mulligan and the remainder to others of her acquaintance. She makes no mention of her debts or of expenses of administration. It must be presumed, however, that she knew she had certain debts and that there would be expenses incurred in the settlement of her estate. It must also be assumed that she knew that these must be paid before any

of such proceeds of said sale or any of her estate could be distributed to her legatees. It is apparent, therefore, that in the making of the said bequests she did so with the knowledge that it would be necessary for her executrix to pay the debts of the estate and the expenses of administration before her legatees could be paid the respective sums of money bequeathed to them, and that her intention was that such bequests would become effective only as to the amount of her estate remaining in the hands of her executrix after the payment of all just and legal claims against the same. That under a proper construction of said will, Rev. Patrick Mulligan would receive one-third of the estate of said deceased and not one-third of the proceeds of the sale of the property thereof, we think, might be more apparent if we consider its provisions in connection with a slightly different set of facts. Let us suppose that said testatrix had sold said real property herself prior to her death and had collected the purchase price thereof and that all of the estate coming into the hands of said executrix consisted of money. Could it reasonably be claimed that because there was no property to be sold by said executrix, and consequently she received no proceeds from any sale made by her, that the bequest to Rev. Patrick Mulligan would fail entirely? We think not. On the other hand we believe that under such a set of facts it would be most reasonable to hold that it was the intention of said testatrix by the above provisions of her will, that Rev. Patrick Mulligan should receive one-third of the estate left by her rather than to limit him to one-third of the proceeds of the sale of property, and as there was no property to be sold, to deny him any right to participate in the distribution of said estate. We will also suppose another set of facts. Instead of there being only $20 in money left by testatrix, suppose that there had been $10,000 in money left by her. Could it be seriously contended in such a case that the bequest to Rev. Patrick Mulligan was limited simply to the proceeds of the property of the estate which might be sold and that he was not to participate to any extent in the money left by said deceased? We think not. The provision of said will that all the property of the estate of said deceased be sold and that one-third of the proceeds of said sale be given to Rev. Patrick Mulligan would, in our opinion, have carried with it one-third of all her estate, not-

withstanding the fact that a portion thereof was money which had come into the hands of said executrix from sources other than through a sale of property belonging to her said estate. In other words, we think it was the clear intention of said testatrix to bequeath to Rev. Patrick Mulligan one-third of her estate rather than one-third of the proceeds of the sale of the property of said estate. By one-third of the estate, we, of course, mean one-third of the residue remaining in the hands of said executrix after the payment of the debts of said deceased and the expenses of administration.

Under this construction of the above paragraph of the last will and testament of said deceased, the question of whether the bequest to Rev. Patrick Mulligan was a specific bequest or not becomes immaterial. If the bequest to him, as we have so held, was one-third of the estate of said deceased, then all he would be entitled to under the will would be one-third of the money belonging to the estate after the payments of the debts and expenses of administration. By the terms of the decree of distribution there was distributed to him an excess of said amount, and to this extent said decree is erroneous. For this reason said decree is reversed, with direction to the trial court to enter an order and decree of distribution in accordance with the views herein expressed.

Shenk, J., Waste, C. J., Seawell, J., and Richards, J., concurred.