PEARSON, TILLMAN, Chief Judge.
The appeal is from a final order of the county judge’s court pertaining to probate, in which the county judge construed the will of Abe Aronson, deceased.[1] The appellant, Susan Joyce Aronson, filed her notice of appeal; thereafter the Seattle-First National Bank as Trustee under the will, filed a joinder in appeal, and adopted the assignments of error filed by Susan Joyce Aronson.
The appellant, Susan Joyce Aronson, is the life beneficiary of a trust established in the will. The appellant, Seattle-First National Bank, is the trustee. The trust is established by paragraph “SEVENTH” of the will.[2]
*70 The appellees are: Congregation Temple De Hirsch of Seattle, Washington; The Seattle Foundation of Seattle, Washington; and Martin P. Kaufman, as executor of the Last Will and Testament of Abe Aronson. The congregation and the foundation are legatees under paragraph “SIXTH” [3] of the will to “(25%) percent of the remainder of my estate”.
The estate consists entirely of personal property appraised as of the date of the death at $412,451.55. The order appealed[4] *71 affects the amount to be received by Susan Joyce Aronson, The Congregation Temple De Hirsch of Seattle, and The Seattle Foundation of Seattle, respectively, by directing the manner in which estate taxes shall be deducted and the manner in which accrued income shall he applied.
In construing item “SIXTH” of the will, the order appealed first determines that the bequests to the Congregation and the Foundation are as to the “net or distributable estate.” The order then directs that the “net or distributable estate” is to be determined, “after payment and deduction of debts of the decedent and expenses of the administration and other charges against his estate, but before the deduction of payments from income to the beneficiaries of the trust created in said will, and before the deduction of estate taxes.” [Emphasis supplied.]
The appellant, Susan Joyce Aronson, urges that the provision of the order that the “net or distributable estate” be determined before deducting the amount paid for estate and inheritance taxes, is contrary to the intent of the testator as expressed in the will. The appellant, Bank, urges in addition that it was error to provide that the “net or distributable estate” be determined before deduction of payments from income to the beneficiaries of the testamentary trust.
In the interest of clarity we will consider first the county judge’s determination that the “net or distributable estate” was fixed before the deduction of estate and inheritance taxes. In so doing the court considered section 734.041 Fla.Stat., F.S.A. This section reads as follows:
“Payment of federal and state estate and death taxes. (1) All estate, inheritance, succession and death taxes imposed upon the estate of a decedent and required to be paid by the personal representative, shall be paid from the residuary estate of the testator, without requiring contribution from any person receiving property taxable as a part of the estate of the testator. In the event there is no residuary estate or if such residuary estate is insufficient for the payment of such taxes, the property of the testator passing under the provisions of his will shall be used for the payment of such taxes in the order specified in § 734.05. Nothing in this statute shall prohibit a testator from directing in his will that said taxes be apportioned or paid in a manner other than as provided in this section. (2) This section as amended by Laws 1957, c. 57-87 shall be applicable only to estates of decedents dying after May 13,1957.”
The county judge applied this section in his order (note 2, supra) as follows:
“2. That paragraph SEVENTH of said will constitutes the full ‘residuary estate’ of the testator, as contemplated by section 734.041 Florida Statutes as amended, from which estate, inheritance, succession and death taxes shall be paid.”
It will be recalled that paragraph “SEVENTH” of the Will (note 2, supra) is the provision in which the Bank is appointed *72 trustee of “all the rest, residue and remainder of my estate, real, personal and mixed, * *
Thus far the road seems well marked hut we have omitted consideration of paragraph “SIXTH” (note 3, supra) which came first and also sounds much like part of a “residuary estate”. This is the provision for the Temple and Seattle Foundation. In “SIXTH” the testator has said: “I hereby give, devise and bequeath twenty-five (25%) percent of the remainder of my estate * * *.” The county judge came to the conclusion that paragraph “SEVENTH” constituted the “full residuary estate” and therefore found “It was the intention of the testator that the beneficiaries named in paragraph ‘SIXTH’ of his will not be required to pay any portion of the estate taxes assessed against his estate.” (See mote 4, supra, paragraph 1.)
We are faced with a rule in this state which seems to compel a contrary conclusion. In Wells v. Menn, 158 Fla. 228, 28 So.2d 881, 884, 169 A.L.R. 892, the Supreme Court of Florida found an answer to the following question necessary for a determination of the appeal:
“The first question for determination may be stated as follows: the will of Emily F. Gilchrist Wells bequeathed ‘ten per cent of my estate’ to Roe Wells, Jr., and ‘all the rest, residue, both real and personal of any kind and description, and wheresoever situated, that shall belong to me, or that shall be subject to my disposal’ to my husband, Roe E. Wells. Did Roe Wells, Jr., take ten per cent of the gross estate or ten per cent of the net or distributable estate, after the payment of debts, taxes, and expenses of administration ?”
The holding was:
“We approve the better rule which provides that when a testator devises ten per cent of his estate, or any fractional part thereof, to a named beneficiary it has reference to ten per cent of the net or distributable part of the estate. Henderson v. Usher, 125 Fla. 709, 170 So. 846; Estate of Hinckley, 58 Cal. 457; Zimmer v. Gudmundsen, 142 Neb. 260, 5 N.W.2d 707; In re Kirby’s Estate, 199 Cal. 135, 248 P. 517; Stark v. McEwen, 15 Ohio App. 188; Blakeslee v. Pardee, 76 Conn. 263, 56 A. 503; Smith v. Terry, 43 N.J.Eq. 659, 12 A. 204; Barnett’s Appeal, 104 Pa. 342; Briggs v. Hosford, 22 Pick. 288.”
The appellants urge that this decision is controlling but it is clear that the county judge did not so regard it. The appellees urge that the judge was free to find a different intent from the will because the rule set forth by the Supreme Court is no longer applicable. The opinion in Wells v. Menn, supra, was written in 1946 and dealt with the then applicable statute pertaining to the order in which assets were to be appropriated for the payment of estate and inheritance taxes. This statute designated as section 734.05 (1945 Supp., 2 Vol. 1, Fla. Stat.1941), provided:
“(1) If a testator makes provision by his will or designates the funds or property to be used for the payment of debts, estate and inheritance taxes, family allowance, charges and expenses of administration and legacies, the same shall be paid out of the funds, or from the property or proceeds thereof, as provided or designated by the will so far as sufficient. If no provision is made nor any fund designated, or if it is insufficient, the property of the estate shall be used for such purposes and to raise the shares of pretermitted spouse and children in the following order:
“(a) Property not disposed of by the will.
“(b) Property devised or bequeathed to the residuary legatee or legatees.
“(c) Property not specifically bequeathed or devised.
*73 “(d) Property specifically bequeathed or devised.
“(2) No priority shall exist as between real and personal property.”
During the period from June 13, 1949 to May 13, 1957, Florida had an apportionment act (c. 25435, Laws of Florida 1949) distributing the burden of estate taxes among all parties interested in the decedent’s estate. On the latter date this act was superseded by the present statute (section 734.041, Fla.Stat., F.S.A., supra). By the way of summary, the statute applied by the Supreme Court in Wells v. Menn, supra, provided that when no designation was made by the testator estate taxes shall be paid from (a) property not disposed of by the will and then (b) property included in the residuary estate; and the present statute applicable provides that when no designation is made by the testator, estate taxes shall be paid from the residuary estate. Thus in effect, the Legislature in 1957 readopted, to a large extent, the law as it was in 1946. We must presume that it adopted the construction placed upon that law by the Supreme Court.
Having reached this conclusion, the courts of this state should follow the rule set forth in Wells v. Menn, supra, in the absence of some compelling reason not to do so, Such a reason could arise out of either a re-examination of the basis for the rule or because conditions have changed so that the rule no longer produces a just result. We find neither reason present. It therefore follows that when the will of Abe Aronson bequeathed “twenty-five (25%) percent of the remainder of my estate” to the Congregation and the Foundation (paragraph “SIXTH”) and “all of the rest, residue and remainder of my estate” to the bank as trustee, the Congregation and the Foundation take twenty-five percent of the net or distributable estate after payment of taxes. Cf. King v. Citizens & Southern Nat. Bank of Atlanta, Ga., Fla.App.1958, 103 So.2d 689. The portion of the order appealed which directed that the devise to the Congregation and the Foundation should be determined before the-deduction of estate taxes must be reversed-
The second question presented by this: appeal, as has been previously noted, is whether the appellees, the Congregation Temple De Hirsch and the Seattle Foundation, are entitled to 25'% of the income of the estate from the date of death. The county judge ruled that these appellees were so entitled. (See note 4, supra.)
In support of the conclusion reached by the county judge it should be recognized that the effect of the holding in Wells v. Menn, supra, which we have said is governing in this estate, is that bequest of “25% of the net or distributable estate” shall bear its proportionate share of estate taxes as though it were a part of the residuary. It may then be said that the 25'% part should share in the income as though it were a part of the residuary. Cf. King v. Citizens & Southern Nat. Bank of Atlanta, Ga., supra.
We need not consider the propriety of such a conclusion because the testator made a gift of a part of the income. The county judge pointed out in the order: (See note 4, supra.)
“That by the provisions of paragraph SEVENTH of his will the testator devised and bequeathed all the rest, residue and remainder of his estate, real, personal and mixed, to Seattle-First National Bank, a national banking corporation of Seattle, Washington, in trust, for the uses and purposes set forth in said will, and in sub-paragraph (q) of said paragraph SEVENTH the testator directed that from the date of his death until his trustee takes over the trust assets ini its capacity as trustee, his executor shall make available to the beneficiaries of said trust the benefits thereof, subject to the terms, conditions, restrictions and provisions therein applicable to' the trustee thereof. In paragraph EIGHTH of his said will the testator *74 directed his said trustee to distribute to and for the use and benefit of his niece, Susan Joyce Aronson, during her life time, in convenient installments, all of the net income from the trust.”
Thus the county judge has construed the will to provide that the trust shall become effective immediately upon the death of the testator. In order to accomplish this purpose the will provides that the executor shall act as trustee until distribution to the named trustee and the income of the trust shall be payable to Susan Joyce Aronson from the testator’s death. Therefore the income from the trust estate cannot become a part of the residuary.
Having disposed of the trust estate and the income of the trust estate, what then becomes of the balance of the income; that is the income from the 2S'% of the net distributable estate?
Section 733.01(2) Fla.Stat., F.S.A.[5] directs the distribution of income of the estate of a decedent, where the testator does not provide for the payment of the income. Under subsection (1) of this statute the balance of the income from the estate becomes subject to the payment of “ * * * legacies, debts, family allowance, estate and inheritance taxes, claims, charges and expenses of administration, and to enforce contribution and to equalize advancement and for distribution.” The statute further provides for payment of income not thus used. Inasmuch as the appellees, Congregation Temple De Hirsch and The Seattle Foundation are entitled to share only in the net or distributable estate after the payment of taxes, they must share as residuary legatees under the statute as to income.
Accordingly the order appealed is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.

. The appeal has been considered previously upon a motion to dismiss. The Supreme Court of Florida upon Writ of Certiorari after certification by this court determined the question involved and discharged certiorari. Congregation Temple De Hirsch, etc. v. Aronson, Fla.1961, 128 So.2d 585.

. Item SEVENTH, the provision under which the appellant, Susan Joyce Aron-son, is beneficiary, provides: “All the rest, residue and remainder of my estate, real, personal, and mixed * * * which I may own at the time of my death, I do give, devise and bequeath unto SEAT *70 TLE-FIRST NATIONAL BANK” (as trustee).
This is followed by seven pages setting forth administrative and general terms of the trust. Sub-paragraph “(a)" of this SEVENTH provides: “It is my desire that the benefits of the trust estate shall become available from the date of my death.
“I therefore direct that my Executor shall make available to the beneficiaries * * * the benefits of said trust. Accordingly, during such preliminary period * * * the benefits of said trust shall be subject to the same terms * * * as if said trust were in force and effect from the date of my death.”
Item EIGHTH provides for the distribution of income and principal of the trust estate to testator’s niece, Susan Joyce Aronson. The trustee is directed to distribute the net income therefrom to her during her lifetime, and is authorized to distribute to her “such additional sum or sums from the principal” if, in the judgment of the trustee the net income is insufficient for her “maintenance, health, education and welfare, or should illness or other emergency arise in the course of her lifetime * * At the death of the niece if “any portion of the trust estate remains undistributed” the same is to be distributed to her issue.

. Item SIXTH, the provision in question, provides: “I hereby give, devise and bequeath twenty-five (25%) percent of the remainder of my estate to be divided equally between the following: (1) Congregation Temple De Hirsch of Seattle, Washington, and (2) The Seattle Foundation of Seattle, Washington. Each of said bequests is made in memory of and as a memorial to my beloved deceased parents.”

. The salient portions of this order appealed are as follows:
“1. That by the provisions of paragraph SIXTH of his Last Will and Testament the testator intended to and did bequeath to Congregation Temple De Hirsch of Seattle, Washington, and The Seattle Foundation of Seattle, Washington, to be divided equally between them, twenty-five (25%) percent of his net or distributable estate, which fractional part of the estate of said decedent is determined after payment and deduction of debts of the decedent and expenses of the administration and other charges against his estate, but before the deduction of payments from income to the beneficiaries of the trust created in said will, and before the deduction of estate taxes. It was the intention of the testator that the beneficiaries named in paragraph SIXTH of his will be not required to pay any portion of the estate taxes assessed against his estate.
“2. That paragraph SEVENTH of said will constitutes the full ‘residuary estate’ of the testator, as contemplated by Section 734.041 Florida Statutes, as amended, from which estate, inheritance, succession and death taxes shall be paid.
“3. That by the provisions of paragraph SEVENTH of his will the testator devised and bequeathed all the rest, residue and remainder of his estate, real, personal and mixed, to Seattle-First National Bank, a national banking corporation of Seattle, Washington, in trust, for the uses and purposes set forth in said will, and in sub-paragraph (q) of said paragraph SEVENTH the testator directed that from the date of his death until his trustee takes over the trust assets in its capacity as trustee, his executor shall make available to the beneficiaries of said trust the benefits thereof, subject to the terms, conditions, restrictions and provisions therein applicable to the trustee thereof. In paragraph EIGHTH of his said will the testator directed his said trustee to distribute to and for the use and benefit of his niece, Susan Joyce Aronson, during her lifetime, in convenient installments, all of the net income from the trust. It is obvious from these provisions of his will that the testator intended his executor to perform the duties of a trustee of said trust, and during the period of the administration of said estate to distribute to and for the use and benefit of Susan Joyce Aronson during her lifetime all of the net income from the trust estate. By reason of said pro *71 visions said executor is charged with the duty of estimating the value of the rest, residue and remainder of the estate of said decedent devised and bequeathed to said trustee, and on the basis thereof to allocate and pay the net income received by him therefrom to the said Susan Joyce Aronson, if living, and if not, to the persons entitled to receive such income upon her decease, in convenient installments, subject to such adjustments as shall be necessary after such residue and income have been definitely ascertained. Said provisions for the payment of income to said beneficiaries during the period of the administration of said estate do not enlarge the bequest of ‘all the rest, residue and remainder’ of the estate of said decedent made in paragraph SEVENTH of his said will, and all of such net income so paid to said beneficiaries shall be charged to the residue and remainder of said estate devised and bequeathed to said trustee.”

. “(2) The net income earned by the assets of the estate after the death of the testator, and prior to the distribution of the estate, and not used for the purposes set forth in subsection (1) above shall in the absence of specific provision in the will to the contrary be paid and applied as follows:
“(a) To either specific or demonstrative legatees and devisees the net income from the property specifically or demonstratively bequeath and devised to them respectively;
“(b) To general legatees, legal interest on their respective legacies from the time fixed by the county judge in an order of distribution for the payment thereof, or if no date is fixed by the county judge, from and after thirty days from the entry of such order of distribution, except that where the general legacy provides that the net income therefrom shall be paid to or for the benefit of or accumulated for one or more beneficiaries, then such general legatee or legatees shall be entitled to that proportion of the net income which the general legacy at appraised value bears to the appraised value of the entire probate estate, excluding specific and demonstrative legacies and devises, provided, however, that the appraised value shall be the court appraisal unless a United States estate tax return is required to be filed, in which event the appraised value shall be the value finally determined for such tax purposes.
“(c) To the residuary legatees and devisees, all the rest and remainder of the net income earned after the death of the testator not hereinabove applied.”