No. 45,334

In the Matter of the Estate of Ina L. West, the Wesley Medical Center, *Appellant,* The Fourth National Bank and Trust Company, Executor of the Will of Ina L. West, *Appellee.*

(454 P. 2d 462)

Opinion filed May 17, 1969.

*James R. Hanson,* of Wichita, argued the cause, and *John E. Boyer, Paul J. Donaldson, Kenneth P. Stewart* and *Robert L. Smith,* all of Wichita, were with him on the brief for the appellant.

*Floyd E. Jensen,* of Wichita, argued the cause, and *Mark H. Adams, Charles E. Jones, William I. Robinson, J. Ashford Manka, Clifford L. Malone, Mark H. Adams, II, John S. Seeber, Philip L. Bowman, Robert Hall* and *Joe Rolston,* all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This was an action to construe a will.

Ina L. West, the testatrix, died on February 5, 1965, leaving a will dated December 8, 1955, which was duly admitted to probate, and the Fourth National Bank and Trust Company of Wichita, Kansas, was appointed executor. The husband of the testatrix had died on June 30, 1955, leaving to testatrix the portion of the assets now included in her estate. The testatrix left no spouse or children surviving.

The will, insofar as material to this controversy, reads:

"FIRST: I direct my Executor to pay my just debts and funeral expenses.

"SECOND: I direct that all Federal Estate Taxes imposed upon or in relation to any property required to be included in my gross estate for Federal Estate Tax purposes and all inheritance and succession taxes payable on or resulting from or by reason of my death, whether or not attributed to properties subject to probate administration, shall be paid out of the residue of my probate estate. My Executor shall not be reimbursed for, nor collect, any part of such taxes from any person, legatee, devisee or beneficiary under this Will, nor shall there be any charge or recovery therefor upon the basis of proration, apportionment, contribution, distribution, or otherwise, against assets not included in my probate estate, or against persons not deriving benefits under this Will.

"THIRD: I give, devise and bequeath all of my property, of whatever kind of character and wheresoever situated, the following percentage interests therein, to-wit:

[There followed ten separate bequests to specified individuals bequeathing a "% interest in my estate." The percentage interests ranged from 5% to 20% and amounted to 82% of the estate. Some of these bequests were to lapse and would have then fallen into the residuary clause.]

"FOURTH: All of the rest, residue and remainder of my estate, of every nature and kind and wheresoever situated, I give, devise and bequeath to the Wesley Hospital and Nurse Training School, now a corporation, of Wichita, Kansas."

In due time it became apparent that there was a dispute as to the bequests responsible for the payment of the estate and inheritance taxes, and the executor filed a petition with the probate court for the construction of the will.

Highly summarized, the executor's petition alleged that a distribution of the estate had not been made because it was first necessary to have a determination of the estate and inheritance

taxes due and a determination of the bequests subject to payment of such taxes.

The petition for the construction of the will was transferred to the district court for hearing and determination.

The case was presented to the district court on a stipulation which stated the general facts and the positions taken by the federal and state taxing authorities. There was nothing submitted which in any way assisted in arriving at the intention of the testatrix. The trial court made findings of fact in harmony with what has been stated above and concluded as a matter of law:

"First: That the bequests under Paragraph Third in said decedent's Will constitute specific bequests.

"Second: That under decedent's Will the bequest to Wesley Medical Center under Paragraph Fourth in decedent's Will should be applied, paid and treated as consumed, to the extent as required to pay all Federal Estate Taxes and all Inheritance and Succession Taxes payable on and resulting from or by reason of decedent's death chargeable to any person or decedent's estate."

Paragraph Third provided for the proportionate payment of taxes not covered by the residuary clause.

The Wesley Medical Center, the beneficiary under the residuary clause, Paragraph Fourth of the will, has appealed.

Both parties devote considerable space in their briefs to a discussion of the federal estate tax laws and the state inheritance tax laws. We are not concerned here with charitable deductions, the calculation of such taxes or the general effect of the taxes on the bequests under the will.

The law of this state is applicable in the determination of which legacies shall bear the burden of federal estate taxes. (*Riggs v. Del Drago,* 317 U. S. 95, 87 L. Ed. 106, 63 S. Ct. 109.)

The basic issue presented on this appeal is whether the trial court erred in finding and determining that the charitable bequest of all "the rest, residue and remainder" of decedent's estate under Paragraph Fourth of the will should bear all of the estate and inheritance taxes due on the estate, or whether such bequest should bear only a proportionate part of those taxes with the remaining portion being chargeable proportionately against the bequests made in Paragraph Third of the will to certain named and designated beneficiaries.

In considering the question we should give attention to the nature of the taxes to be paid out of the assets of the estate. The federal law deals with an estate tax while the state law deals with an inheritance tax. An estate tax such as the federal law imposes is

levied upon the body of the estate before distribution. The right of the distributee to receive the property is not involved. On the other hand, an inheritance tax such as we have in this state is a succession tax—a tax upon the right of the distributee to receive the property. The two rights are distinct and separate. (*Russell v. Cogswell,* 151 Kan. 14, 98 P. 2d 179.)

Neither the federal government nor this state has enacted any laws directing where the burden for federal estate taxes shall fall. It has therefore been determined that in the absence of anything in the will to the contrary the burden of the federal estate tax falls on the residuary. (*Central Trust Co. v. Burrow,* 144 Kan. 79, 58 P. 2d 469.) This rule applies in favor of specific bequests but a different rule applies to general bequests as will be discussed later.

Insofar as the inheritance tax under the state law is concerned, it being upon the right of the distributee to take, it is apportioned among the legatees if there is no direction in the will.

Although what has been said tends to clarify or eliminate some of the contentions of the parties, it is not of much aid in determining where under the language of the will the testator intended to place the burden of the taxes under discussion.

Both parties inform us that the cardinal rule for the construction of wills, to which all other rules are subordinate, is that the intention of the testator, as garnered from all parts of the will or from the will in its entirety, is to be given effect and that doubtful or inaccurate expressions shall not override the obvious intention of the testator. (*Meyer, Executor v. Benelli,* 197 Kan. 98, 415 P. 2d 415; *Hitchcock v. Skelly Oil Co.,* 197 Kan. 1, 414 P. 2d 67; *Giese v. Smith,* 195 Kan. 607, 408 P. 2d 687.) Or, as was said in *Smyth v. Thomas,* 198 Kan. 250, 255, 424 P. 2d 498, the court in construing a will should place itself as nearly as possible in the situation of the testator when he made the will, and from a consideration of that situation and from the language used in every part of the will, determine as best it can the purposes of the testator and the intentions he endeavored to convey by the language used.

Giving detailed consideration to the provisions of the will, we find in Paragraph First the executor is directed to pay all just debts and funeral expenses.

Paragraph Second of the will is clearly for the purpose of protecting the donee of any gift in contemplation of death from per-

sonal liability because of estate, inheritance and succession taxes accruing at the donor's death.

Referring back rather than again repeating the rather lengthy paragraph, it will be noted that the executrix directs that estate, inheritance and succession taxes are to "be paid out of the residue of my probate estate" and this was to be done "whether or not attributed to properties subject to probate administration." The last clause in Paragraph Second again protects only assets conveyed before death and not included in the probate estate.

Considerable stress is placed on the language stating that such taxes "shall be paid out of the residue of my probate estate." The difficulty we have here is in determining whether the testatrix was referring to the remainder or residue of her probate estate after the payment of debts and funeral expenses mentioned in Paragraph First or to the residue after payment of the percentage legacies.

Stress is also placed on the phrase in Paragraph Second of the will: "My Executor shall not be reimbursed for, nor collect, any part of such taxes from any person, legatee, devisee or beneficiary under this Will, . . ." It is contended that this shows an intent that no burden be placed on the percentage bequests in Paragraph Third because of the taxes mentioned. We do not so understand the intention. The percentage bequests amounted to 82% of the estate, leaving only 18% for the residuary clause. The testatrix must have known that this was not sufficient to pay the taxes under discussion and if the 82% was to be a percentage of the gross it would have to bear part of the taxes because there would not be sufficient funds in the residuary clause unless there were lapses in the percentage bequests which did not occur.

It is difficult for us to believe that the gift to the Wesley Hospital and Nurse Training School was an intentional worthless gesture on the part of the testatrix.

We find the best guide to the intention of the testatrix lies in Paragraph Third of the will. We quote:

"I give, devise and bequeath of my property, of whatever kind or character and wheresoever situated, the following percentage interests therein to-wit: . . ."

Then followed ten separate bequests of "% interest in my estate." The testatrix does not say gross estate which would have been so easy had that been the intention.

We believe at this point the trial court made an erroneous conclusion and improperly construed the will.

The trial court concluded—"That the bequests under Paragraph Third in said decedent's Will constitute specific bequests."

A bequest of a percentage of an estate is perhaps the best example of a general bequest.

The nature of a bequest or legacy was defined in *Taylor v. Hull*, 121 Kan. 102, 104, 245 Pac. 1026, as follows:

"A legacy is said to be general when it does not direct the delivery of a particular thing, but which may be paid or satisfied out of the general assets; it is demonstrative when the bequest is of a certain sum of money, with directions that it shall be paid out of particular funds; and it is specific when it is a bequest of some definite thing. In 40 Cyc. 1869 it is said:

" 'A specific legacy is a bequest of some definite, specific thing, capable of being designated and identified; one which separates and distinguishes the property bequeathed from the other property of the testator so that it can be identified, and delivered to the legatee as a particular thing or fund bequeathed. Such a legacy can be satisfied only by a delivery to the legatee of the particular thing bequeathed to him, and if that thing is not in existence when the bequest would otherwise become operative the legacy has no effect.' "

We must conclude that the percentage bequests and legacies made in Paragraph Third of the will are general bequests.

By creating percentage or general legacies we think that the testatrix considered all of her estate not disposed of in Paragraph First to be the "residue of her probate estate" as that term was used in Paragraph Second of the will.

No previous case in this state has been found controlling the precise issue here presented but the conclusion and result we reach are in accord with cases from other jurisdictions which have expressly considered the matter. The leading case, and the one on which the latter decisions appear to rely, is *Wells v. Menn*, 158 Fla. 228, 28 So. 2d 881, 169 A. L. R. 892. It is there stated:

"We approve the better rule which provides that when a testator devises ten per cent of his estate, or any fractional part thereof, to a named beneficiary it has reference to ten per cent of the net or distributable part of the estate. Henderson v. Usher, 125 Fla. 709, 170 So. 846; Estate of Hinckley, 58 Cal. 457; Zimmer v. Gudmudsen, 142 Nebr. 260, 5 N. W. (2nd) 707; In re: Kirby Estate, 199 Cal. 135, 248 Pac. 517; Stark v. McEwen, 15 Ohio App. 188; Blakeslee v. Pardee, 76 Conn. 263, 56 Atl. 503; Smith v. Terry, 43 N. J. (Equity) 659, 12 Atl. 204; Barnett's Appeal. 104 Pa. State 342; Briggs v. Hosford, 22 Mass. (Pickering) 288." (p. 234.)

Cases following the above rule are presented in the annotation at

169 A. L. R. 904. Our research has disclosed no cases directly to the contrary.

We believe the rule is sound where as here there are no specific bequests to be protected and the gross estate amounts to $594,395.

We are also influenced by the fact that any other construction of the will would completely destroy the gift to the Wesley Medical Center. We prefer the rule that where one construction of ambiguous language in a will casts the burden of taxation in such a way as to extinguish certain gifts, whereas another construction gives effect to all dispositive provisions of the will, the latter is to be preferred if no specific gifts are affected.

We are forced to conclude that when the testatrix used the words "residue of my probate estate" in Paragraph Second of her will she was referring to the remainder of her estate after the payment of the charges in Paragraph First, and that she intended her percentage legacies to be a percentage of the net after payment of estate and inheritance taxes.

The judgment is reversed with instruction to the trial court to charge the legacies in Paragraph Third of the will with their proportionate part of the estate and inheritance taxes.

APPROVED BY THE COURT.

KAUL, J. (dissenting): I agree generally with principles for the construction of a will as stated in the court's opinion. However, I cannot agree with the application of those principles to the instant will and, therefore, must respectfully dissent.

From my reading of this will in its entirety the intention of the testatrix is expressed clearly and unequivocally and thus there is no occasion for employing rules of judicial construction. (*In re Estate of Ellertson,* 157 Kan. 492, 142 P. 2d 724.)

The controlling question in this case is whether Paragraph Second, when read together with other paragraphs of the will, exonerates the legacies set out in Paragraph Third from estate, inheritance and succession taxes accruing on the death of the testatrix and imposes such liability on the residuary legatee.

The will before us is a carefully drawn and detailed instrument. It reflects a comprehensive donative scheme expressed in precise terms and undoubtedly is a result of thoughtful planning by the testatrix as to the disposition of her property. A proper interpretation requires careful attention to the chronological order and overall

plan of disposition exhibited by the form and language of the total instrument.

The first paragraph is a traditional direction to pay debts and funeral expenses.

The second paragraph is a tax exoneration clause and will be discussed later.

The third paragraph proceeds to bequeath percentage interests totaling eighty-two percent of decedent's estate to named individuals.

The fourth paragraph sets out a residuary clause in traditional words. (57 Am. Jur., Wills, § 1416, pp. 947, 948.)

Although the bequests in Paragraph Third must be considered general bequests in that payment from specific property is not designated; they are, nevertheless, in my opinion, clearly nonresiduary dispositions. Paragraph Fourth delineates the true and real residuary for here no amount or percentage is specified and therein falls everything left after prior directed payments have been made. This is the clause on which testatrix relied to prevent intestacy and it was here that she intended the tax burden to fall.

Returning to Paragraph Second, the court opinion notes that Paragraph Second protects donees of any gifts in contemplation of death from personal liability because of estate and inheritance taxes. To limit the force and effect of Paragraph Second to this one purpose requires the remaining language therein to be ignored. In my view, if this had been the intention of the testatrix, the language directing all estate, inheritance and succession taxes—"shall be paid out of the residue of my probate will," and

". . . My executor shall not be reimbursed for, nor collect, any part of such taxes from any person, *legatee, devisee,* or *beneficiary* under this will. . . ." (Emphasis supplied.)

would not have been included in Paraghaph Second. Since it was included testatrix obviously intended to exonerate from tax liability beneficiaries under her will as well as donees of any gifts in contemplation of death.

This leads to the next step in determining the intention of testatrix, *i. e.,* what beneficiaries were to be exonerated from tax liability? This question is answered by the use of the phrase "out of the residue of my probate estate" in the direction as to payment of taxes contained in the first sentence of Paragraph Second. The use of the term "residue," in the context of Paragraph Second and reiterated

as it is in Paragraph Fourth, reflects the clear intention by testatrix to impose tax liability on the residuary legatee. The only possible way to read ambiguity in this will is to force a meaning on the term "residue" in Paragraph Second different from that given the term in Paragraph Fourth. There is nothing to be found in the language of this will which compels different interpretations of the term "residue."

The intended purpose of Paragraph Second was to exonerate from tax burden, nonresiduary legacies, and any nontestamentary property involved as well as gifts in contemplation of death.

Paragraph Third delineates in alphabetical order ten particular percentage bequests. In seven of the bequests provision is made for succession in case the first named beneficiary predeceases the testatrix. In the other three [c], [i] and [j] no succession is provided for and bequests are specifically directed to lapse in case the named beneficiaries predecease testatrix. As noted in the court's opinion, if none of the particular bequests lapsed; the residue would amount to eighteen percent. In view of the possible lapsing of the three particular bequests mentioned, totaling twenty-three percent, the potential residue falling in Paragraph Fourth could have amounted to forty-one percent of the estate.

The will was executed in 1955. A conclusion that testatrix must have known that the residue would be insufficient to pay the taxes cannot be justified in view of the fact that the potential residue amounted to forty-one percent of the estate. Furthermore, to impose upon testatrix the knowledge of what estate taxes might amount to in view of the charitable nature of the residuary legatee, changes in tax laws and interpretations of taxing authorities, would be to presuppose clairvoyance on testatrix of a higher degree than that possessed by most members of the bar, as evidenced by the contrary position taken by federal and state taxing authorities in this case.

I agree that percentage bequests are general rather than specific and ordinarily are considered to be residuary bequests, i. e., to be calculated with reference to the net rather than the gross estate. (169 A. L. R. Anno. p. 903.) However, the application of these principles succumbs to the cardinal rule that when testamentary intention is expressed to the contrary; intention must be given effect.

The form and order of this will and the language used in Paragraphs Second and Fourth, in my judgment, compels the conclusion

that the percentage bequests in Paragraph Third were clearly intended to operate as nonresiduary bequests.

The practical effect of the court's construction is to raise appellant's legacy to the level of a particular eighteen percent bequest together with the other ten set out in Paragraph Third. If such had been the intention of testatrix, it would have been a simple matter to add another to the ten bequests in Paragraph Third to accomplish this end. Also, she could have easily provided for succession by appellant to the three bequests subject to lapsing as she had so carefully directed in the case of the other seven bequests. The intention of testatrix is so carefully delineated in all respects that she must have been well aware of the possibility that in case of no lapse, the tax liability might consume or wipe out entirely the residue.

As noted in the court's opinion, this is the first appearance of a tax exoneration clause (sometimes referred to as a direction against apportionment of taxes) before this court. In *Wells v. Menn,* 158 Fla. 228, 28 So. 2d 881, 169 A. L. R. 892, a devise of ten percent of testator's estate was held to be ten percent of the net or distributable part of the estate. However, the court was not faced with a testamentary declaration to the contrary expressed in a tax exoneration clause such as that which confronts us here.

In this state the order of appropriation of assets for the payment of debts and other lawful demands against a decedent's estate is set out by statute. (K. S. A. 59-1405.) However, the statute specifically recognizes the right of a testator to provide otherwise.

From a perusal of recent cases, dealing with the subject, it appears to me that it is well-settled that a testator may specify which property or class of property shall bear the burden of succession or inheritance taxes and, if he desires, a testator may shift the burden by the employment of any words desired which may suffice to indicate his intent.

Time does not permit a discussion of authorities. Attention is directed to an in depth annotation on the precise subject found in 37 A. L. R. 2d p. 1, supplemented by an exhaustive digest of recent cases in Vol. 4 A. L. R. 2d Later Case Service commencing at page 377.

Although the trial court mistakingly denominated the bequests in

Paragraph Third as specific, the correct disposition of this case was made. I would affirm the judgment.

PRICE, C. J., and FONTRON, J., join in the foregoing dissenting opinion.